STATE, Plaintiff in error, vs. McGINLEY, Defendant in error.

*February 22—March 11, 1913.*

*Criminal law: Preliminary examination: Jurisdiction: Review of decision: Keeping house of ill-fame, etc.: Length of time.*

1. If, upon the preliminary examination of a person accused of crime, there is competent evidence to give the magistrate any room for the exercise of judgment in determining the existence of the essential facts, his decision to hold the accused for trial is within his jurisdiction and cannot, upon a plea in abatement at the trial, be reversed on the ground that it was not warranted by the evidence.

2. Under sec. 4589, Stats., making it an offense to keep a house of ill-fame or to knowingly let any house or room for such use, the keeping of such house or a letting for such use for any substantial time (in this case two days) is sufficient to constitute the offense.

ERROR to review a judgment of the circuit court for St. Croix county: JAMES O'NEILL, Judge. *Reversed.*

The defendant in error was informed against for keeping a house of ill-fame, also for letting premises for the purpose of being so used. A plea in abatement was interposed, raising the question of whether the evidence on the preliminary examination was sufficient to warrant the decision holding the accused for trial before the circuit court. There was a preliminary examination, regular in form. On such examination there was evidence tending to prove that lewd women, for at least two days, occupied a room in a saloon building owned by the accused and used such room for purposes of prostitution, and that men resorted thereto for and executed such purpose; that the accused had knowledge of the facts and either kept the place and harbored the women for the business for which such room was used, or let the place to them therefor; that he encouraged men to resort to the place and to consort with such women; that he profited by their presence, at least by sale of liquor to them and to men who were attracted thereto by such presence, and that he really helped carry on the business for the women by encouraging or permitting men to resort there.

The court sustained the plea upon the ground that the evidence was not sufficient to make out a *prima facie* case under sec. 4589 of the Statutes.

For the plaintiff in error there was a brief by the *Attorney General* and *N. O. Varnum,* district attorney, and oral argument by *Mr. Varnum* and *Mr. Russell Jackson,* deputy attorney general. To the point that the gist of the offense is the keeping of the house for the purpose of prostitution and

lewdness, and not its reputation, they cited *State v. Lee*, 80 Iowa, 75, 45 N. W. 545; *State v. Smith*, 29 Minn. 193, 12 N. W. 524; 1 Bishop, Crim. Law (1st ed.) § 1038; *State v. Plant*, 67 Vt. 454, 32 Atl. 237; *King v. People*, 83 N. Y. 587; *State v. Hendricks*, 15 Mont. 194, 39 Pac. 93; *Sullivan v. State*, 75 Wis. 650, 44 N. W. 647.

For the defendant in error there was a brief by *E. B. Kinney* and *Spencer Haven*, and oral argument by *Mr. Haven*. They cited, among other cases, *State v. Brunell*, 29 Wis. 435, 436, 438; *State v. Hand*, 7 Iowa, 411, 71 Am. Dec. 453; *State v. Reckards*, 21 Minn. 47; *People v. Gastro*, 75 Mich. 127, 42 N. W. 937, 939; *O'Brien v. People*, 28 Mich. 213; *Comm. v. Lambert*, 12 Allen, 177; *Comm. v. Stahl*, 7 Allen, 303, 304; *State v. Lee*, 80 Iowa, 75, 45 N. W. 545; *Brown v. State*, 49 N. J. Law, 61, 7 Atl. 340; *Comm. v. Bessler*, 97 Ky. 498, 30 S. W. 1012; *Overman v. State*, 88 Ind. 6; *State v. Gill* (Iowa) 129 N. W. 821; *Cadwell v. State*, 17 Conn. 467; *State v. Irvin*, 117 Iowa, 469, 91 N. W. 760.

MARSHALL, J.     The judgment must be reversed.

Upon just what ground the trial court condemned the action of the examining magistrate does not clearly appear. If, in deciding that the evidence was insufficient to make out a *prima facie* case, the judge viewed such evidence from the standpoint of a trial court, grievous error was committed. An examination to see whether an accused person shall be placed on trial for an offense charged against him, is a mere inquest. The examining magistrate has very broad latitude in the matter—if the evidence, in any reasonable view of it, satisfies him that a crime within the charge made has been committed and there is reasonable cause to believe the accused is the guilty party he is warranted in holding him to bail. If there is evidence sufficient to give the magistrate any room whatever for the exercise of judgment,—in other words, any jurisdiction to decide the questions of fact within the broad

field of probability, then his decision cannot be reversed in the manner attempted in this instance. *State ex rel. Durner v. Huegin,* 110 Wis. 189, 237, 85 N. W. 1046.

As said in the case cited, when the reviewing court "has discovered that there was competent evidence for the judicial mind of the examining magistrate to act upon in determining the existence of the essential facts, it has reached the limit of its jurisdiction on that point. If the examining magistrate acts without evidence, he exceeds his jurisdiction; but any act, upon evidence worthy of consideration in any aspect, is as well within his jurisdiction when he decides wrong as when he decides right."

In view of the character of the evidence here it must be, as it seems, that the learned circuit judge supposed it was competent, on the plea in abatement, which was practically a motion to quash the information for want of a legitimate basis for it, raising a jurisdictional question,—to review the decision of the examining magistrate on the merits, as in case of a judicial trial. It was not that. It was a mere statutory inquiry. Had the trial court viewed the matter from that standpoint it would readily have seen there was an abundance of evidence to give the examining magistrate jurisdiction to make the decision holding the accused for trial, and that, having jurisdiction to make such decision, there was no ground for the plea in abatement.

It seems possible, from the course of the argument in this court by counsel for defendant in error, that the mere shortness of time covered by the transactions detailed in the evidence may have been thought by the trial court too brief to satisfy the charge of keeping a house of ill-fame. Some authorities on that are cited to our attention. It does not seem necessary or advisable to review them. The law in respect to the matter is too plain to leave room for dignifying the matter of shortness of time, as applied to this case, by a discussion thereof. If a place, such as is mentioned in the statute, for any substantial period of time be kept for the pur-

pose mentioned therein, the offense thereunder is complete. Two days, or a much less time, characterized by the shameful proceedings testified to, would amply satisfy the statutory calls.   If one knowingly lets his house, or even a room in a building, owned or controlled by him, for use as a house of ill-fame, he offends against the statute.   Time is not, by any means, the essence of the offense.   A very brief time as to the actual use or period of letting for the prohibited use, is sufficient.   The evidence taken by the examining magistrate was ample to warrant holding the defendant in error for trial, as was done, and the plea in abatement should have been overruled.

*By the Court.*—The judgment is reversed, and the cause remanded with directions for further proceedings according to law.