Piper, Plaintiff in error, vs. The State, Defendant in error.

*May 2—June 11, 1930.*

*Jacob S. Rothstein* and *Wm. A. Schroeder,* both of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* deputy district attorney, and oral argument by *George B. Skogmo,* special assistant district attorney.

FOWLER, J. The plaintiff in effect alleges as error that: (1) The venue was not proved. (2) The proof does not establish guilt of violation of sec. 359.16, Stats. (3) Sec. 359.16 is unconstitutional. (4) The proof does not establish guilt of any offense. (5) The deceit of the inspector in inducing defendant's acts renders inadmissible evidence of the transaction with the inspector.

(1) While direct proof of venue should be made, absence of it does not defeat conviction where inference of it may properly be drawn from circumstantial evidence. Where no witness testifies directly to the venue, it is sufficiently proved if there is reference in the evidence to the locality known or probably familiar to the jury where the act constituting the offense was committed from which the jury may reasonably have concluded that the place was in the county alleged. *Kellar v. State,* 174 Wis. 67, 69, 182 N. W. 321; 16 Corp. Jur. p. 769. The defendant's shop, where the transaction involved occurred, was located on Fond du Lac avenue, at least probably known to the jurors as a street in Milwaukee. A city policeman testified that it was on his beat. The jury were warranted in concluding from this that the offense was committed in Milwaukee county.

(2), (3) Sec. 359.16 provides that in cities of the first class as designated by statute, when it comes to the knowledge of the prosecutor that the defendant "on three or more occasions has been found guilty and sentenced . . . to the house of correction," it shall be the duty of the prosecutor to charge such three or more convictions, and that upon his conviction of the charge preferred and such former convictions the court shall sentence the defendant to an indeterminate term in the house of correction of one to five years. Here the information charges and proof at most shows only two prior convictions. The statute therefore does not apply, and not applying there is no occasion to consider its constitutionality.

(4) Sec. 147.14 provides that no person shall attempt to practice medicine without a license from the state board of medical examiners. The complaint alleges such an attempt by the defendant. The testimony of the inspector, if true, plainly establishes such an attempt. The jury might properly believe the inspector. Violation of this statute was therefore sufficiently proved in view of the rule that the

burden is on the defendant to show that he had a license if he relies on possession of one as a defense. No point is made by the defense of want of proof that defendant had no license. The penalty for violation of this section is a fine of not less than $100 nor more than $500, or imprisonment of not less than sixty days nor more than one year, or both. The penalty imposed by the court accords with this provision. The defendant urged in this connection that the information charged a violation of sec. 359.16, for violation of which penalty of fine does not attach but imprisonment in the state's prison only, and seems aggrieved that if he was to be punished at all he was not sentenced to the house of correction for from one to five years, as sec. 359.16 requires "shall be" done, and cites as ground for reversal the case of *Taylor v. State,* 35 Wis. 298, which reversed the sentence of the trial court for imposing a fine of $5 when the least penalty provided for violation of the statute involved was $10, but affirmed the jury's verdict and directed the lower court to impose a fine of at least $10. It is there stated that the defendant had "the right to be fined at least $10" and "let it not be said that the law fails to guard carefully, even jealously, the rights of persons who have been convicted of crimes or misdemeanors." As the information here charged no offense under sec. 359.16 the defendant had no right to be sentenced under that statute, however valuable such right might be if he had it. Counsel's logic may be applied with somewhat less force to the existing situation, because the information brings the case under sec. 359.14, which provides that when a person is convicted of any offense punishable only by imprisonment in the county jail or fine or both, and it is alleged in the information and proved that he had been theretofore sentenced to imprisonment and that such sentence is unreversed, he may be punished by imprisonment in the county jail not less than the shortest time fixed for such offense and not more than one year, and by imprisonment in

the state's prison not less than one nor more than three years. Under this statute, however, the provision is that the convicted person "may be" punished as provided, instead of "shall be" as in sec. 359.16. "May be" is permissive rather than compulsory and permits the court to impose the penalty provided for the offense when there is no prior conviction, as was done here. So we are constrained to hold that the defendant must rest content with a fine of $100 and thirty-day imprisonment as a misdemeanant instead of imprisonment from one to three years as a felon.

(5) Upon this point both counsel cite *Topolewski v. State,* 130 Wis. 244, 109 N. W. 1037, and *Koscak v. State,* 160 Wis. 255, 152 N. W. 181, in support of their contentions. These cases are merely to the proposition that where a person, by himself or agent, in order to entrap a suspected person, does any act exculpating the accused from an essential element of the crime involved, the crime is not committed by the accused because of the exculpation. In the one case the owner of the property, after laying a trap to catch the accused in larceny, instructed his agent to deliver the property to him when he called for it. He thus consented to the accused's taking of the property, and it is essential to larceny that the property be taken without the owner's consent. In the other a trap was laid to catch the accused in transporting dynamite with intent to use it unlawfully by procuring the accused to bring the dynamite for use in bombing a house. The accused got the dynamite and was seized while transporting it believing it was to be used for the purpose stated. But he claimed he was coerced by threats upon his life to get the dynamite and that transporting it was not voluntary on his part. "Merely setting a trap to catch a would-be criminal by affording him the freest opportunity to commit the offense" does not sacrifice any element of the offense. *Topolewski Case, supra,* p. 253. "The fact that the party against whom a crime is contem-

plated suggests, aids, encourages, or abets the commission of the offense or sets a trap for the accused is not a defense where the accused has done every act essential to the completion of the offense." The quotation is from the dissenting opinion of Mr. Justice BARNES in the *Koscak Case, supra,* p. 270, but it is a correct statement of the rule, as the authorities there cited in support show, and is not at all in conflict with anything held or stated in the majority opinion. The inspector did nothing to relieve the defendant from any element of the offense. The situation is analogous to those involving illegal sales, ordering of obscene books by mail, and detecting fraudulent use of the mails. The conduct of the defendant, not the motive or deception of the inspector, is considered. 1 Bishop, Crim. Law (9th ed.) 686, 687.

*By the Court.*—The judgment is affirmed.