DREPS, Sheriff, Plaintiff in error, vs. STATE EX REL. KAISER, Defendant in error.

*September 13—October 8, 1935.*

280

For the plaintiff in error there was a brief by *Charles A. Copp,* district attorney of Sheboygan county, and oral argument by *Mr. Copp* and *Mr. J. E. Messerschmidt,* assistant attorney general.

For the defendant in error there was a brief by *I. A. Dinerstein* and *Bassuener & Humke,* all of Sheboygan, and oral argument by *H. S. Humke.*

ROSENBERRY, C. J.    It appears from the record that the offense with which the defendant, Jack Kaiser, was charged by complaint before L. E. GRUBE, acting municipal judge, was the same offense with which he is charged in the complaint filed with Charles Voigt, court commissioner. The first contention of Kaiser, who will hereafter be designated the defendant, is that under the provisions of sec. 355.20, Stats., which provides:

"In case any preliminary examination has been had, as provided by law, and the person complained of has been discharged for want of sufficient evidence to raise a probability of his guilt, and the district attorney shall afterwards discover admissible evidence sufficient, in his judgment, to convict the person discharged he may, notwithstanding such discharge, cause another complaint to be made before any officer authorized by law to make such examination, and thereupon a second arrest and examination shall be had," the defendant was entitled to be discharged for the reason that it did not appear that the district attorney had "afterwards discovered

admissible evidence sufficient, in his judgment, to convict the person discharged."

Every consideration urged upon the attention of the court in this case was presented to and considered by the court in *Campbell v. State,* 111 Wis. 152, 86 N. W. 855. It was there held that when a district attorney, acting in good faith, has decided that the evidence discovered is sufficient for the purpose indicated, his conclusion is not open to review upon an objection, at the trial, to the legality of the second examination; nor is it a jurisdictional fact that he should recite in the proceedings that he has discovered additional evidence.

It was further held that the finding of the magistrate on the first examination was not final or conclusive and was no bar to the second examination under the statute.

Under this case the contention of the defendant, Kaiser, that the second magistrate was without jurisdiction to bind him over must be overruled.

The trial court was of the view that because the testimony before the examining magistrate on the second examination showed that no misrepresentation was made, except that the defendant claimed that he owned the property and that afterward the defendant and his brother misappropriated some of the funds of the Paramount Development Company; and it further appearing that the Kaisers had an irrevocable option, it was not a false pretense for them to represent to the buyer that they had a marketable title. The court said:

"They had an irrevocable option which entitled them to a deed on any lot that they called for and had the complainants gone forth with the payments instead of refusing to pay no doubt they would have obtained a deed of the property. The fact that they made a poor bargain, or suffered a loss, does not prove that Jack Kaiser obtained money under false pretenses."

The trial court was therefore of the view that the evidence was insufficient to show that a crime had been committed, or

that there was probable cause to believe that Jack Kaiser had committed a crime.

We shall not attempt to determine on the present state of the record whether or not, under all the circumstances, a person who has an irrevocable option may have such an interest in land as to entitle him without misrepresentation to state that he is the owner. The facts are that in this case the Kaisers had an irrevocable option. Under the terms of this option they had the right upon payment of a certain sum of money to receive a deed to a particular parcel of land. Under such a state of facts a representation that they were the owners might or might not be a false representation depending upon the state of the title and the surrounding facts and circumstances.

The contention of the defendant, Kaiser, is that under the state of the evidence the examining magistrate had no jurisdiction to bind him over for trial. This contention is based upon the doctrine stated in *State ex rel. Durner v. Huegin*, 110 Wis. 189, at p. 234, 85 N. W. 1046. It was there held that where an examining magistrate acts upon evidence and such evidence, looking at it from the most favorable standpoint, will not reasonably permit of such action, the error is jurisdictional, and if the examining magistrate has erred in that regard, remedy may be had by way of a writ of *habeas corpus*. The court said (p. 237):

"The reviewing court, in the exercise of its function, must necessarily pass upon and reverse or affirm the decision of the committing magistrate, if such matters are properly presented for its consideration, according to its determination thereof, and in doing so it does not go beyond jurisdictional defects. It can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. It cannot go beyond that and weigh the evidence. . . . When it has discovered that there was competent evidence for the judicial mind of the examining magistrate to act upon in determining

the existence of the essential facts, it has reached the limit of its jurisdiction on that point. If the examining magistrate acts without evidence, he exceeds his jurisdiction; but any act, upon evidence worthy of consideration in any aspect, is as well within his jurisdiction when he decides wrong as when he decides right."

It is considered that the trial court was in error in discharging the defendant, Jack Kaiser. *Prima facie* he represented himself to be an owner when he was in fact not an owner. The fact that under the terms of his option he might thereafter become an owner may be a matter for consideration when it comes to a determination of the question of intent to defraud. The trial court treated this case as if the question were, Was there sufficient evidence before the examining magistrate to sustain a verdict finding Jack Kaiser guilty? It is apparent from what has been said that there was sufficient evidence to show that an offense had been committed, and that there was probable cause to believe the defendant, Jack Kaiser, guilty of the offense. In some of the cases cited to our attention the surrounding circumstances were so persuasive as conclusively to rebut the presumption of intent to defraud. Ordinarily, the question of intent is for the jury upon the whole case and is not a matter to be determined by the trial court upon a hearing on a petition for a writ of *habeas corpus*.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.