STATE EX REL. KOWALESKI, Appellant, vs. KUBIAK, Sheriff, Respondent.

*February 9—March 7, 1950.*

*Walter Schinz, Jr.,* and *Terence N. Hickey,* both of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, William J. McCauley,* district attorney of Milwaukee county, and *Joseph E. Tierney,* deputy district attorney, and oral argument by *Mr. Tierney.*

GEHL, J. Appellant contends that the alleged corrupt agreement to accept a bribe depended upon the circumstances attending the first count, and that the fact that the magistrate dismissed the first count, and also the second, negatives the existence of the corrupt agreement required as an essential of the crime. It is not necessary to consider whether the magistrate was warranted in dismissing the first two counts. The testimony with respect to them was before him to consider whether any offense had been committed.

"If it appears that *any* offense has been committed and that the defendant is probably guilty of *any* offense, he [the magistrate] must hold the defendant for trial." *Hobbins v. State,* 214 Wis. 496, 510, 253 N. W. 570.

This answers appellant's first contention. A magistrate may doubt that the testimony directed at one offense warrants a binding over on that particular charge, but properly conclude that the same testimony affords proof of an essential element of another charged in the complaint.

Appellant construes the magistrate's memorandum as expressing doubt of defendant's participation in either offense charged and contends that such expression negatives "the probable cause necessary to a binding over."

The magistrate did express doubt that the proof would warrant him in binding the defendant over on the first two counts. Nor was he too sure that as to the third count there was sufficient proof, but added that "if the same was not bribery, it was obtaining money under false pretenses." Sec. 361.18 Stats., does not require a finding as to any specific offense. It provides that a defendant shall be committed for trial, "If it shall appear that *an* offense has been committed and that there is probable cause to believe the prisoner guilty. . . ."

Appellant contends that the circumstances under which he was arrested constitute an unlawful entrapment. Entrapment is not a defense where it is found that the intent to commit a crime originates in the mind of a defendant and he has done every act essential to the completion of the offense. *Piper v. State,* 202 Wis. 58, 231 N. W. 162. Since unlawful entrapment is a matter of defense and evidence thereof is admissible upon a trial we refrain from reciting the testimony which convinces us that, for the purposes of the preliminary examination, there was no unlawful entrapment. In support of their contention counsel cite a number of cases in which entrapment has been condemned. The cases do not condemn the practice as such; they pronounce to be wrong the practice on

the part of officers of the law to lure or incite a person to attempt to commit crime. The record discloses that the magistrate was warranted in concluding that an intent to commit an offense originated in appellant's mind and that he had done every act essential to the completion of an offense.

Appellant complains that Betker, as a consideration for his testimony, was promised immunity from prosecution. If we understand his contention it is an act repugnant to fairness and justice for a prosecuting officer to reward one of two joint offenders with immunity to enable him to obtain the conviction of the other, that by so doing the district attorney usurped the function of the court, that it leaves it to his discretion to determine who shall be punished. All of this may or may not be true, but it would not affect the competency of Betker to testify. While it may bear upon the weight to be given to his testimony, it does not afford this court grounds for setting aside the determination of the magistrate. A careful reading of the record convinces us that the magistrate was warranted in concluding that an offense had been committed and that there is probable cause to believe the defendant guilty.

*By the Court.*—Order affirmed.