TELL, Plaintiff in error, v. WOLKE, Sheriff of Milwaukee County, Defendant in error.*

*November 1—November 26, 1963.*

* Motion for rehearing denied, without costs, on February 4, 1964.

For the plaintiff in error there was a brief by *Beaudry &
Kershek* of Milwaukee, and oral argument by *Eugene A.
Kershek*.

For the defendant in error the cause was argued by *William A. Platz,* assistant attorney general, with whom on the
brief was *George Thompson,* attorney general, and *William
J. McCauley,* district attorney of Milwaukee county. *Hugh
O'Connell,* assistant district attorney, also argued.

HALLOWS, J.   We need not consider seriously the order
denying the motion for summary judgment.  Admittedly
the motion was brought to discover whether the district at-
torney, after the first preliminary examination, had dis-
covered evidence which was not in his possession at the time
of the first examination upon which he caused the second
complaint and warrant to be issued.  The motion served the
plaintiff's purpose and no error is assigned relating to the
grounds of the denial of the motion for summary judgment.
But if error was committed, it is immaterial as the same
question of law which would have been reached on the mo-
tion was presented on the pending motion to quash.

The issue is whether the district attorney is foreclosed by
sec. 955.20, Stats., from relying on evidence from a person
who was under subpoena available and not called as a wit-
ness at the first preliminary hearing as the basis for causing
a second complaint for the same offense to be issued against
the plaintiff.  The section provides:

"955.20 SECOND EXAMINATION. If a preliminary examination has been had and the defendant has been discharged for want of evidence, and the district attorney afterwards discovers evidence sufficient, in his judgment, to convict the defendant, he may cause another complaint to be made, and thereupon further proceedings shall be had."

In the trial court the issue was whether the district attorney had complied with the statute. The district attorney contended he had "discovered" new evidence and the trial court so held. On this appeal, the attorney general appearing for the defendant in error argues the statute being directory only does not prohibit a second complaint being made on the same evidence. The plaintiff contends the statute is jurisdictional and permits a second complaint for the same offense to be made only upon compliance with its terms. The plaintiff further contends there has been no compliance because the district attorney is chargeable with knowledge of the testimony which a person subpoenaed and available as a witness may give on the first examination and if the district attorney does not examine him as a witness, such testimony cannot afterwards be "discovered" by the district attorney within the meaning of the section. In our view of the case, we do not reach this second contention.

As an original and literal interpretation of sec. 955.20, Stats., the first contention of the plaintiff might have some merit; however, the cases construing the statute do not support it. The plaintiff's construction would establish the proposition that the only time a district attorney can and may cause a second complaint for the same offense to be issued against a defendant is in those limited number of cases where new evidence is discovered by the district attorney after the first preliminary examination which would meet the newly discovered-evidence test for a new trial in civil cases under sec. 270.50. Sec. 955.20 has not been given such a literal and impractical interpretation.

This section and its predecessors have been interpreted as being, in effect, directory only and as relating solely to the duty of district attorneys and as not providing the accused with a defense or operating as a bar to subsequent proceedings involving the same offense. This interpretation is logical and in accord with the long-standing practice of district attorneys of not adducing all the available evidence on a preliminary examination. The section is bottomed on the premise a district attorney puts in all his available evidence and if the evidence is found insufficient, that is the end of the case for all practical purposes unless new and additional evidence is discovered. However, the statute does not purport to cover cases where, after the first preliminary hearing, evidence still exists, whether because of improper exclusion on the first hearing or of failure to adduce it or of being unknown to the district attorney or of other reasons. Nor does the statute prohibit the making of a second complaint for the same charge except by an unnecessary implication. Any person having knowledge or information of the commission of the offense, not just a district attorney, may appear before a magistrate and make a complaint under sec. 954.02, Stats.

Nor do we think the intent of sec. 955.20, Stats., is to give a discharge on a preliminary hearing the effect of an acquittal after a trial on the merits. A preliminary examination is in the form of an inquiry into the facts to ascertain whether the offense has been committed and whether there is probable cause for charging the defendant with the offense so that he might be kept in custody or admitted to bail to stand trial on an information. *Johns v. State* (1961), 14 Wis. (2d) 119, 109 N. W. (2d) 490; *State v. McGinley* (1913), 153 Wis. 5, 140 N. W. 332. The test is not proof beyond a reasonable doubt but only of probable cause. *State ex rel. Sucher v. County Court* (1962), 16 Wis. (2d) 565, 115 N. W. (2d) 611; *State ex rel. Kowaleski v. Kubiak* (1950), 256 Wis. 518, 41 N. W. (2d) 605. The prelimi-

nary hearing is not a trial in the sense the accused has been put in jeopardy nor is the discharge from custody upon the failure of proof at a preliminary examination *res judicata* on the district attorney any more than a bind over for trial is *res judicata* of the defendant's guilt. *Montgomery v. State* (1906), 128 Wis. 183, 107 N. W. 14. The doctrine of *res judicata* is not applicable to preliminary examinations. We held in *State v. Fish* (1963), 20 Wis. (2d) 431, 122 N. W. (2d) 381, a discharge under sec. 955.01, where a defendant had been bound over on the preliminary examination but no information was filed within six months, did not have the effect of an adjudication of acquittal from the crime complained of and for which the accused was held to answer. A discharge on *habeas corpus* under sec. 292.20 would not bar a subsequent proceeding on a second complaint for the same offense under sec. 292.32 (2), if the discharge is for defective proof. Likewise, under sec. 954.12, the discharge upon a preliminary examination should have only the effect of being a discharge from custody and from the complaint upon which the preliminary examination was held. True, the complaint cannot be used for subsequent proceedings but a new complaint charging the same offense should be allowed. We conclude sec. 955.20 does not clothe or vitalize a discharge under sec. 954.12 with the effect of a determination of an acquittal.

This construction is demanded by the holding, if not the language, of the cases construing this statute. In the early case of *Campbell v. State* (1901), 111 Wis. 152, 86 N. W. 855, which construed sec. 4656, Stats. 1898, a predecessor section, the court considered the question of whether additional evidence which was discovered after the first preliminary examination was sufficient for the purpose of the statute. The court stated when the district attorney had made a judgment of its sufficiency that decision was not reviewable and the discovery of new evidence was not a jurisdictional

fact which needed to be pleaded or recited in the second proceedings.

In *Dreps v. State ex rel. Kaiser* (1935), 219 Wis. 279, 262 N. W. 700, the petitioner was discharged on the first preliminary hearing and bound over on the second for the same offense. The petition for writ of *habeas corpus* alleged there was, in fact, no new evidence adduced on the second examination and the district attorney was not authorized to institute the second proceedings. The court stated these contentions were considered in *Campbell* and on the authority of that case held the second magistrate had jurisdiction. *Dreps* held a second preliminary examination may be had on a new complaint on the same evidence as was used in the first preliminary.

The point raised by the plaintiff was squarely raised in *State ex rel. Tessler v. Kubiak* (1950), 257 Wis. 159, 42 N. W. (2d) 496. Upon the first preliminary examination, evidence was suppressed as being obtained by an illegal search; upon the second preliminary examination involving the same offense the evidence was admitted and the defendant bound over. On the authority of *Campbell* and *Dreps* the court rejected the contention the suppressed evidence was not after-discovered evidence upon which a second warrant could be made. The court concluded the "second preliminary examination was properly held and the question of procedure was wholly one to be determined by the district attorney." The court's statement, "In the second preliminary examination additional witnesses were called and further admissible evidence was introduced," does not weaken the holding as it refers to the evidence suppressed on the first examination.

An additional reason exists why the language of sec. 955.20, Stats., cannot be construed as prohibiting the making of a second complaint and holding an examination upon the same evidence. The state has no appeal from errors of law committed by a magistrate upon preliminary examination

and the discharge on a preliminary would operate as an unchallengeable acquittal. Public policy does not allow such a result after a trial on the merits. Sec. 958.12 (1) (d) allows the state with the consent of the trial court to appeal judgments of acquittal to review errors of law. The only way an error of law committed on the preliminary examination prejudicial to the state may be challenged or corrected is by a preliminary examination on a second complaint. We construe sec. 955.20 as being only directory on the district attorney and not as prohibiting the district attorney from causing a second complaint to be issued upon the same evidence for the same offense. His judgment in doing so cannot be reviewed.

A practice of a district attorney of introducing too little evidence rather than too much on a preliminary examination cannot be approved. We appreciate a preliminary hearing has the collateral effect of an adverse examination and of a disclosure of the state's case from the defendant's standpoint. However, the defendant, if he is to be bound over, is entitled to the disclosure of sufficient evidence to meet the required test. The question of good faith on the part of the district attorney referred to in *Campbell v. State, supra,* does not apply to the failure to put in sufficient available evidence. Such failure is generally the result of lack of judgment or poor judgment. The repeated causing of the arrest of a person on the same charge, however, may reach the point of harassment or of invoking the fair-play doctrine and constitute a violation of the due-process clause. The availability of such defense to the accused operates as a limitation upon any abusive action of a district attorney.

*By the Court.*—Orders affirmed.

DIETERICH, J. (*dissenting*). I cannot agree with the majority's conclusion that sec. 955.20, Stats., does not prohibit the prosecution from issuing a second complaint upon the same evidence where the district attorney had the

witness in question under subpoena and present at the first preliminary hearing, and where he obviously knew the content of the witness' testimony, but instead chose to rest his case without calling the witness to the stand. Secs. 954.08 (1) and 954.12 [1] provide that the magistrate shall permit the district attorney to examine the witnesses for the state in relation to the crime charged, and that if it appears to the magistrate upon the examination that no crime has been committed or that there was no probable cause for charging the defendant with a crime, he shall be discharged. The situation presented is simply one where the district attorney entered upon the preliminary examination with what he considered to be sufficient evidence, but failed to use it.

I am of the opinion that the testimony of the witness in such a situation does not constitute after-discovered evidence upon which a second complaint may be issued, and a second preliminary examination had, pursuant to sec. 955.20, Stats. Where the district attorney fails to call such a witness and chooses instead to rest his case, and the defendant is subsequently discharged, I fail to see how the statute, which requires newly discovered evidence, permits him to begin all over again upon the same evidence which was available to him, but not used, at the first preliminary examination.

---

[1] Sec. 954.08. ". . . As soon as may be, the magistrate shall swear and examine or permit the district attorney to examine the witnesses for the state, in the presence of the defendant, in relation to the crime charged in the complaint; and they may be cross-examined. Then the witnesses for the defendant shall be sworn and examined and may be cross-examined. The defendant may be assisted by counsel."

Sec. 954.12. ". . . If it appears to the magistrate upon the examination that no crime has been committed or that there was no probable cause for charging the defendant with a crime, he shall be discharged. If the magistrate certifies in his docket that the complaint was malicious and without probable cause, he shall enter judgment against the complainant and in favor of the county for the taxable costs of the proceeding, and thereafter proceedings shall be as provided in s. 960.22."