STATE EX REL. BECK, Appellant, v. DUFFY, Judge of Milwaukee County Court, Respondent.

*January 29—February 27, 1968.*

For the appellant there were briefs and oral argument by *John A. Keck* and *Ray T. McCann,* both of Milwaukee.

For the respondent the cause was argued by *Robert E. Sutton,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

WILKIE, J. Preliminary to our consideration of the issues presented on this appeal it should be noted that it is undisputed that the writ of prohibition was the appellant's proper remedy.

We have held that the writ of prohibition may be invoked "in cases of a nonjurisdictional error when the appeal may come too late for effective redress, or be inadequate and there is a need for such intervention to

avoid grave hardship or a complete denial of the rights of a litigant." [1]

Reaching the merits of this appeal, two issues are presented:

1. Is the attorney general properly authorized to appear in this action?

2. Are the recommencement proceedings proper?

*Appearance of Attorney General in this Civil Action.*

Appellant contends that the Milwaukee county district attorney, not the attorney general, is the proper party to defend this prohibition action. Ordinarily it is the duty of the district attorney to prosecute and defend all actions, civil or criminal, in the courts of his county in which the state or county is interested or a party.[2] On the other hand, no statute gives the attorney general power to appear and prosecute or defend actions generally except in the supreme court.[3] In this state the attorney general is devoid of common-law powers and duties.[4] However, sec. 14.53 (1), Stats., provides that the attorney general shall "when requested by the governor or either branch of the legislature, appear for the state and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people thereof may be in anywise interested."

The attorney general in the instant case acted as counsel pursuant to a request by Governor Knowles embodied

---

[1] *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 232, 108 N. W. 2d 648. *See also State ex rel. Gaynon v. Krueger* (1966), 31 Wis. 2d 609, 614, 143 N. W. 2d 437, and cases cited therein.

[2] Sec. 59.47, Stats.

[3] *State ex rel. Jackson v. Coffey* (1963), 18 Wis. 2d 529, 538, 118 N. W. 2d 939.

[4] *Id.; State v. Snyder* (1920), 172 Wis. 415, 417, 179 N. W. 579.

in his letter to Bronson La Follette. Sec. 14.12, Stats., provides that:

"The governor, whenever in his opinion the rights, interests or property of the state have been or are liable to be injuriously affected, may require the attorney general to institute and prosecute any proper action or proceeding for the redress or prevention thereof; and whenever he receives notice of any action or proceeding between other parties by which the rights, interests or property of the state are liable to be injuriously affected, he shall inform the attorney general thereof and require him to take such steps as may be necessary to protect such rights, interests, or property."

The rights and interests of the state obviously would be injuriously affected if the writ of prohibition in this case became absolute. Therefore, the governor's request is proper; so, too, is the attorney general's appearance in this civil action.

### Recommencement.

Appellant argues that the state cannot recommence this criminal action. The argument is without merit. The recent case of *Tell v. Wolke* [5] is directly on point and controls the instant case. *Tell* discussed sec. 955.20, Stats., which provides:

"Second examination. If a preliminary examination has been had and the defendant has been discharged for want of evidence, and the district attorney afterwards discovers evidence sufficient, in his judgment, to convict the defendant, he may cause another complaint to be made, and thereupon further proceedings shall be had." [6]

---

[5] (1963), 21 Wis. 2d 613, 124 N. W. 2d 655.

[6] It should be noted that by virtue of sec. 14.531, Stats., which provides in part that "In any criminal action prosecuted by the attorney general, he and the deputy and assistant attorney general shall have the same powers with reference to such action as are

*Tell* held that sec. 955.20, Stats., was directory only and related solely to the duty of district attorneys and did not provide an accused with a defense or operate as a bar to subsequent proceedings involving the same offense.[7] The court stated:

"Nor do we think the intent of sec. 955.20, Stats., is to give a discharge on a preliminary hearing the effect of an acquittal after a trial on the merits . . . . The preliminary hearing is not a trial in the sense the accused has been put in jeopardy nor is the discharge from custody upon the failure of proof at a preliminary examination *res judicata* on the district attorney any more than a bind over for trial is *res judicata* of the defendant's guilt. *Montgomery v. State* (1906), 128 Wis. 183, 107 N. W. 14. The doctrine of *res judicata* is not applicable to preliminary examinations." [8]

In dismissing the appeal from Judge CLARK's dismissal order, entered after the bind over of this defendant following the preliminary examination on the first complaint issued in this matter, this court recognized the principles set forth in *Tell*, when it stated:

"The respondent [appellant here] having conceded in his brief that the state may re-issue the warrants, the court concluded that jeopardy has not attached and that the order appealed from is not a final order. It follows that the order is not appealable, and therefore the motion to dismiss the appeal is granted, without costs."

To try to distinguish *Tell* from the instant case because the interval between arrests in the *Tell Case* was one week as compared to several years in this matter is inapposite. To so distinguish would be to punish the state for attempting to protect its interests by appeal.

vested in district attorneys," the attorney general would be interchangeable with the designation "district attorney" in sec. 955.20, Stats., and the *Tell Case.*

[7] *Tell v. Wolke, supra,* footnote 5, at page 617.

[8] *Tell v. Wolke, supra,* footnote 5, at pages 617, 618.

The actual interval between the dismissal of the appeal and the reissuance was approximately five months, an interval that cannot be characterized as unreasonable.

Appellant argues that the evidence to be adduced during the second preliminary will be the same as that introduced during the first. Even if this is true, and for purposes of this appeal no such determination need be made, the court in *Tell* explains why this contention has no merit:

"An additional reason exists why the language of sec. 955.20, Stats., cannot be construed as prohibiting the making of a second complaint and holding an examination upon the same evidence. The state has no appeal from errors of law committed by a magistrate upon preliminary examination and the discharge on a preliminary would operate as an unchallengeable acquittal. Public policy does not allow such a result after a trial on the merits. Sec. 958.12 (1) (d) allows the state with the consent of the trial court to appeal judgments of acquittal to review errors of law. *The only way an error of law committed on the preliminary examination prejudicial to the state may be challenged or corrected is by a preliminary examination on a second complaint.* We construe sec. 955.20 as being only directory on the district attorney and not as prohibiting the district attorney from causing a second complaint to be issued upon the same evidence for the same offense. His judgment in doing so cannot be reviewed." (Emphasis added.) [9]

As recognized in *Tell,* the repeated arrest of a person on the same charge may reach the point of harassment. When this point is reached, the doctrine of fair play can be invoked to curtail the prosecutor's actions. In the instant case the state's prosecution of this defendant has not reached the harassment stage. The state is entitled to its day in the supreme court on any errors of law that may have been committed by the trial court. Permitting a second complaint, as in the instant case, is the only way it can have that day. The defendant here argues one

[9] *Tell v. Wolke, supra,* footnote 5, at pages 619, 620.

way when he urges that Judge CLARK'S dismissal order after the bind over and prior to arraignment is not appealable; he argues the other way when he says the state cannot start afresh and recommence the criminal action. In so arguing, we think the appellant has too much of a legal sweet tooth. He cannot have his cake and eat it too.

*By the Court.*—Order affirmed.