STATE of Wisconsin, Plaintiff in error,

v.

Robert Richard BROWN, Defendant in error-Petitioner,

Steven BAILEY, Defendant in error.

Supreme Court

No. 78–432–CR. *Submitted on briefs March 5, 1980.— Decided May 6, 1980.*

(Also reported in 291 N.W.2d 538.)

For Robert Richard Brown the cause was submitted on the brief of *Jack E. Schairer*, assistant state public defender.

For the plaintiff in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *David J. Becker*, assistant attorney general.

WILLIAM G. CALLOW, J. This is a review of a decision of the court of appeals reversing the circuit court's order dismissing a criminal complaint against the petitioner Brown (defendant).

A criminal complaint was filed charging Brown and five others with criminal activity. The first three counts charged Brown and three others with theft by fraud and were based on payments of $13,100, $12,162, and $11,000 made by the alleged victim, Francis Hobl, for certain improvements to his home. Count four charged Brown and two others with the theft of approximately $1,000 from the home of the victim. Counts five through seven

charged Brown and four others with fraudulent writings, conspiracy to commit theft, and attempted fraudulent writings, and all arose out of an attempt to gain access to the victim's safety deposit box which contained $22,700 in cash and bonds. The eighth count charged defendant in error Bailey with obstructing an officer.

A preliminary examination on that complaint was held on March 20 through March 22, 1978. Presiding was the Honorable John A. Walsh, Reserve Judge. One defendant was not in custody, and one defendant waived his preliminary examination. Four of the six defendants, including Brown, were present, both in person and by counsel. After two days of hearing covering 245 pages of transcript, the first witness's testimony was completed. On the third day, proceedings covering 86 pages of transcript produced about ten pages of testimony from the second witness. Presentation of the witness's testimony was impeded because the battery of defense counsel interrupted the proceedings by incessantly objecting, offering comments, commenting on comments, commenting on objections, and objecting to comments. Charges of unprofessional conduct were exchanged by counsel.

During the course of the examination of the second witness, Judge Walsh determined that parts of the testimony were objectionable as to some of the defendants and limited the witness's testimony to count six of the complaint, the conspiracy count, which led to substantial confusion as to the status of the other counts. At this point, in response to a motion by counsel for defendant Wilhelm who was not charged with the conspiracy count, the court dismissed the complaint as to Wilhelm and authorized the state to recharge him. Judge Walsh was reminded that there were three counts of theft pending against Wilhelm. The court reconsidered and dismissed only the conspiracy count; Wilhelm was then excused. After considerable argument about whether the counts

could be "split" or severed, the court determined that the other counts were still pending but would not be heard at that time. Defense counsel then discussed the advisability and method of obtaining a writ of prohibition. The assistant district attorney then rested, remarking "[the state] feels it cannot go further in light of what has taken place." The defendants moved to dismiss, and their motions were granted. The assistant district attorney disclosed the state's intention to reissue the complaint and asked that bail for the defendants be continued for seventy-two hours. The court, defense counsel, and the assistant district attorney conferred, and the court concluded that bail should be left as it was. The proceedings ended with the judge remarking, "I have already done enough damage in this case, I think."

On March 24, 1978, the assistant district attorney filed a second complaint charging Brown and two others with three of the counts charged in the initial complaint. The first two counts charged all three defendants with offenses relating to the attempt to get into the victim's safety deposit box. The third count charged only defendant Bailey with obstruction of an officer. A second preliminary examination was scheduled before the Honorable Ralph G. Gorenstein, Circuit Judge. Defendants Brown and Bailey filed motions to dismiss. Defense counsel argued that the state was not free to proceed with a second preliminary examination after having abandoned the first preliminary examination prior to the completion of the presentation of all the evidence the state had because of an adverse ruling by the trial judge. The assistant district attorney contended that the state did not rest because it felt rulings were erroneously made against the state and noted that the

"[d]efense moved several times through the preliminary that the judge had made prejudicial error in the way he handled the case and moved to dismiss, and the state at

that point after several more decisions and actions by the same judge finally felt that that was true and did not want to proceed with one more week of testimony in a case that it felt created problems as far as the rights of the defendant and the rights of the state . . . in having a fair and judicious hearing."

At the time of the second preliminary examination, a transcript of the first preliminary examination had not been completed. Judge Gorenstein noted the consequent difficulties in ruling on the motions to dismiss: "[H]ow in the world can I make a decision on this matter when a transcript is not available in this case?" Notwithstanding the observation, Judge Gorenstein synopsized his understanding of the facts and asked defense counsel and the assistant district attorney to stipulate to the synopsis. They agreed to do so. Under Judge Gorenstein's version,

"the state somehow got frustrated by the first judge's rulings and decided to abandon this attempt with the prosecution halfway—halfway somewhere in the middle of it . . . and is now seeking to correct what it believes were erroneous rulings by the court by a new preliminary hearing in front of a new judge."

Judge Gorenstein concluded that the assistant district attorney did not have the right to stop presenting evidence at the first preliminary examination and, consequently, granted the defendants' motions to dismiss.

The court of appeals held that the general rule permitting the state to reissue a complaint after dismissal at the conclusion of a preliminary examination if the state has or discovers additional evidence is not applicable where, in response to what he perceives to be an erroneous ruling, the district attorney deliberately rests his case at the preliminary examination without presenting all the evidence he has. The court of appeals concluded that Judge Gorenstein "had no alternative but to dismiss the complaint under sec. 970.04, Stats." How-

ever, the court of appeals reversed Judge Gorenstein's order in the interest of justice, concluding that the real controversy here had not been fully tried and justice had clearly miscarried as a result of the "chaotic circumstances which pyramided" during the first preliminary examination. We granted Brown's petition for review to consider the correctness of the court of appeals' decision.

The state asserts the incorrectness of the decisions of the trial court and the court of appeals which held that reissuance of the complaint was improper. The grounds for this contention are threefold: (1) The defendants waived their rights to move to dismiss the new prosecution; (2) The defendants are precluded from objecting to reissuance of the complaint; and (3) Barring any designs to harass the defendants, the state could reissue the complaint because evidence could be produced which was not used at the previous preliminary examination.

The state did not argue before Judge Gorenstein that the defendants had waived their rights to move to dismiss or that the defendants were precluded from objecting to reissuance. Brown claims the state has waived these issues, and they may not be raised as of right for the first time on appeal. We agree. *Lampkins v. State,* 51 Wis.2d 564, 570, 187 N.W.2d 164 (1971); *Klimas v. State,* 75 Wis.2d 244, 246, 249 N.W.2d 285 (1977). Even if the state had made these contentions in a proper and timely fashion, we fail to see, under the facts of this case, that meritorious arguments have been presented.

The state claims that because Brown did not object at the conclusion of the first preliminary to the state's declared intent to reissue the complaint he could not do so later. "Waiver is defined as a voluntary and intentional relinquishment of a known right." *Bank of Sun Prairie v. Opstein,* 86 Wis.2d 669, 681, 273 N.W.2d 279 (1979). "[W]aiver is established by showing that the party against whom the waiver is asserted had at the

time knowledge, actual or constructive, of the existence of his right and the facts on which those rights depended." *Walberg v. State,* 73 Wis.2d 448, 461, 243 N.W. 2d 190 (1976). The record reveals no declaration that the state would reissue before the motion to dismiss was granted. The opportunity or right to object to the state's reissued complaint could not exist until the new complaint was issued. Since Brown's objection was raised at the first opportunity, we conclude Brown did not waive his right to move to dismiss.

The state also contends that defendant was estopped from moving for dismissal at the second preliminary examination because they recognized at the first preliminary examination that termination of the hearing and issuance of the new complaint were appropriate. Dismissal of the complaint and of criminal proceedings is the ultimate goal of the defense in any preliminary examination. The motions to dismiss and comments by defense counsel concerning termination of the first examination do not disclose the defendants' acquiescence in the state's issuing a new complaint. Because Brown is not repudiating a previously asserted position, the doctrine of judicial estoppel, argued by the state, is not applicable.

In seeking reversal of the order of dismissal, the state relies on sec. 970.04, Stats. This section provides:

"**Second examination.** If a preliminary examination has been had and the defendant has been discharged, the district attorney may file another complaint if he has or discovers additional evidence."

The predecessor of this provision was previously found in sec. 955.20, Stats. 1967, until July 1, 1970, when Wisconsin adopted a new criminal procedure code and Chapter 955 was effectively repealed. Sec. 955.20 Stats. 1967, provided:

"**Second examination.** If a preliminary examination has been had and the defendant has been discharged for want of evidence, and the district attorney afterwards discovers evidence sufficient, in his judgment, to convict the defendant, he may cause another complaint to be made, and thereupon further proceedings shall be had."

In *State v. Antes,* 74 Wis.2d 317, 323, 246 N.W.2d 671 (1976), this court clarified the principal holdings and rationale of cases decided under the prior statute. We stated that *Tell v. Wolke,* 21 Wis.2d 613, 124 N.W.2d 655 (1963), and *State ex rel. Beck v. Duffy,* 38 Wis.2d 159, 156 N.W.2d 368 (1968), "stand for the proposition that after the discharge of a defendant at a preliminary examination the state may reissue a complaint if it has or discovers additional evidence." *State v. Antes, supra* at 323. In *Tell,* a district attorney called only one of eight witnesses which he had subpoenaed for the preliminary examination. The witness was impeached and the case dismissed. When the state reissued the complaint and subpoenaed the same eight witnesses, the defendant sought a writ of habeas corpus. The trial court quashed the writ and upheld the reissuance. We affirmed the trial court, holding that sec. 955.20, Stats. (now sec. 970.04, Stats.), was directory only and "not [meant to provide] the accused with a defense or operating as a bar to subsequent proceedings involving the same offense." *Tell v. Wolke, supra* at 617.

Sec. 955.20, Stats. (970.04), accommodated the situation where a district attorney put forth all his evidence, and the evidence was found to be insufficient. *Tell v. Wolke, supra* at 617. We noted sec. 955.20 (970.04) did not cover situations "where, after the first preliminary hearing, evidence still exists, whether because of improper exclusion on the first hearing *or of failure to adduce it* or of being unknown to the district attorney *or of other reasons.*" *Id.* (Emphasis added.) We observed the

statute does not "prohibit the making of a second complaint for the same charge except by an unnecessary implication." *Id.* Therefore, we held that a second complaint could be issued when new or unused evidence would support a finding of probable cause. This broadening construction of sec. 955.20 (970.04) was found to comport with the belief that a discharge on a preliminary examination should not have the same effect as an acquittal after a trial on the merits.

"Nor do we think the intent of sec. 955.20, Stats., is to give a discharge on a preliminary hearing the effect of an acquittal after a trial on the merits. A preliminary examination is in the form of an inquiry into the facts to ascertain whether the offense has been committed and whether there is probable cause for charging the defendant with the offense so that he might be kept in custody or admitted to bail to stand trial on an information. The test is not proof beyond a reasonable doubt but only of probable cause. The preliminary hearing is not a trial in the sense the accused has been put in jeopardy nor is the discharge form custody upon the failure of proof at a preliminary examination *res judicata* on the district attorney any more than a bind over for trial is *res judicata* of the defendant's guilt. The doctrine of *res judicata* is not applicable to preliminary examinations." 21 Wis.2d at 617–18. (Citations omitted.)

This policy was reaffirmed in *State v. Antes, supra* at 322–23.

Although the state's power to reissue has been recognized where the state has new or unused evidence, this court has expressed concern for safeguarding against the misuse of reissuance. Repeated litigation can involve "needless expense and disorder, and creates hardship on the individual who is twice vexed for the same cause." *Wittke v. State ex rel. Smith,* 80 Wis.2d 332, 342, 259 N.W.2d 515 (1977). If it becomes apparent that the state's reissuance is merely harassment, the

fair-play doctrine should be invoked, precluding any further prosecution of the case. *Tell v. Wolke, supra* at 620; *State ex rel. Beck v. Duffy, supra* at 166. If the state issues a new criminal complaint for a charge or charges considered at a previous preliminary examination, the prosecutor, if challenged, should summarize for the court how, in his or her judgment, the new or unused evidence will support a finding of probable cause. Such a procedure gives the judge an opportunity to assess the reasonableness of the state's effort to pursue a second preliminary examination. While a readily applicable definition of what constitutes "new or unused" evidence or "additional" evidence is not easily articulated, "there is no reason to believe that trial courts will be unable to give [the concept] substance." *Wittke v. State ex rel. Smith, supra* at 344. In *Wittke,* this court affirmed the circuit court's decision that testimony which is merely cumulative or corroborative is not "new evidence" when the credibility of the original evidence was not in doubt. *Id.* at 337, 345. As this court noted, "the necessary determination is closely akin to that made under sec. 904.03, Stats., which permits a trial court to limit the needless presentation of cumulative evidence." *Id.* at 344.

In addition to interpreting the *Tell* and *Beck* decisions, this court in *Antes* withdrew language from those decisions which stated that the state cannot appeal errors of law committed by a magistrate during a preliminary examination. *State v. Antes, supra* at 322–23; *See: Tell v. Wolke, supra* at 619; *State ex rel. Beck v. Duffy, supra* at 166. In addition to recognizing the appealability of a final order resulting from an error of law, the court in *Antes* permitted the state to appeal when it had no additional evidence. In *Wittke,* we said an appeal on such a record was the state's only recourse. 80 Wis.2d

at 340–44. The defendant therefore argues the state's only remedy was to appeal Judge Walsh's actions and issuance of a new complaint was improper.

The critical question in this case deals with the reason the state rested its case at the first preliminary examination. If the state wished to correct errors of law made by Judge Walsh, the remedy was appeal. If that was not the reason, a second preliminary examination should be permitted if there exists persuasive evidence that the new complaint would produce additional evidence. It seems clear the state did not rest in the belief that the evidence which had been presented was sufficient to meet the test of probable cause for a bind over.

Judge Gorenstein repeatedly observed he had not seen the transcript and correctly stated,

"Gentlemen, how in the world can I make a decision on this matter when a transcript is not available in this case? I'm kind of grasping at the dark as to what the state intends to—intends to prove at the preliminary hearing and—that's different than the other preliminary hearing, and I don't see any affidavits on file."

The judge said he wanted a transcript. Notwithstanding these observations, the judge rendered his decision on what the assistant district attorney and defense counsel had told him and on his synopsis of the facts to which counsel stipulated. The determination whether the assistant district attorney allowed the first preliminary to end solely because of erroneous rulings which prejudiced the state is a decision which should have been made based on the record of the first preliminary examination and not on Judge Gorenstein's assumptions as to what occurred. We stated in *Birts v. State*, 68 Wis.2d 389, 395–96, 228 N.W.2d 351 (1975):

"[A]s a matter of public policy the entire judicial process in a criminal or civil proceeding is a search for truth, and the trial court's important role as fact finder

should not be usurped by the district attorney entering into a stipulation on a matter of fact which, in the end, has to be determined by the finder of fact." (Footnote omitted.)

We do not believe the stipulation alone precludes the state from issuing a second complaint. The stipulation addresses only one aspect of the trial court's inquiry and does so in an equivocal fashion.

"Stipulations should be construed consistent with the apparent intention of the parties, the spirit of justice, and the furtherance of fair trials upon the merits, and should not be construed technically so as to defeat the purposes for which they were made. In seeking the intent of the parties, the language of the stipulation should not be construed so as to effect the waiver of a right not plainly intended to be relinquished." *Milwaukee & Suburban Transport v. Milwaukee County*, 82 Wis.2d 420, 442, 263 N.W.2d 503 (1978) (citations omitted).

The language of the stipulation does not demonstrate a plain intent, on the part of the state, to relinquish its right to reissue the charges. The assistant district attorney argued that:

"The state didn't rest because it felt decisions were made against the state in the case. Defense moved several times through the preliminary that the judge had made prejudicial error in the way he handled the case and moved to dismiss, and the state at that point after several more decisions and actions by the same judge finally felt that that was true and did not want to proceed with one more week of testimony in a case that it felt created problems as far as the rights of the defendant and the rights of the state and—in having a fair and judicious hearing."

Implicit in the prosecutor's statement is the contention that the first preliminary was abandoned because of what the court of appeals called "chaotic circumstances" which resulted in the preliminary proceeding "in a very chaotic and confused manner." The transcript of the

preliminary examination clearly supports this observation. The action of the Assistant District Attorney is consistent with our previously stated concern for the interests of a defendant in having an effective, not unreasonably extended, preliminary examination. By terminating a preliminary which has degenerated into a disorderly and unruly proceeding and no longer furthers the purposes of a preliminary, the defendant and the state are both protected from "needless expense and disorder." *Wittke v. State ex rel. Smith, supra* at 342. Policy arguments favoring repose and protecting individuals from repeated litigation are strongest "[w]here the existence of probable cause has been fully litigated." *Id.* This is not the case here.

We conclude the state's failure to resist the motion to dismiss was not predicated on a conclusion that allegedly erroneous rulings by Judge Walsh which prejudiced the state could be corrected by issuing a new criminal complaint. The record of the first preliminary examination is overwhelming evidence that the hearing was out of control. While we observed in *Wittke* that duplicitous litigation involves needless expense and disorder and creates a hardship for the defendant, consistency requires us to determine that to continue a hearing which has been reduced to a proceeding out of control is contrary to judicial fairness to any litigant. We view the record as clear evidence that some of the attorneys for the defendants intended to frustrate efforts of the court to conduct a judicial proceeding. The court of appeals denominated the proceedings as being near chaos, and we agree; the proceedings had reached a chaotic state and should not have continued.

We disagree with the reasoning of the court of appeals in approving Judge Gorenstein's order dismissing the second complaint; however, we approve the result

the appellate court reached when it employed sec. 752.35, Stats. Because Judge Gorenstein's order dismissing the second complaint was predicated on findings that are contrary to the great weight and clear preponderance of the evidence, we affirm the decision of the court of appeals ordering the reinstatement of the second criminal complaint. We express no view as to whether the court of appeals correctly reached the same result by exercising its discretionary power to reverse.

We are concerned with the comments of Judge Gorenstein in dismissing the case. In addressing the Assistant District Attorney, he stated:

"[W]hen you act like a spoiled child, you get treated as a spoiled child, and if this is a slap on the wrist, Mr. Matestic, it is very unbecoming conduct for a prosecutor not worthy of our profession, and I, frankly, am witnessing too much of it from your office."

We do not believe the record justifies these remarks and view these comments as indicating bias against the prosecution. Accordingly, we remand this case with instructions to the Chief Judge to arrange for an assignment of this case to a court other than the court in which Judge Gorenstein presides.

*By the Court.*—The decision of the Court of Appeals is affirmed; cause remanded for proceedings not inconsistent with this opinion.