STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas R. TWAITE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 81–1125–CR. Argued December 1, 1982.—*
*Decided January 5, 1983.*

(Also reported in 327 N.W.2d 700.)

For the defendant-petitioner there were briefs (in this court) by *Mark T. Olm* and *Braden & Olson,* Lake Geneva, and oral argument by *Mr. Olm.*

For the plaintiff-respondent the cause was argued by *Andrew L. Somers, Jr.,* assistant attorney general, with whom on the brief (in court of appeals) was *Bronson C. La Follette,* attorney general.

LOUIS J. CECI, J.   The defendant, Thomas R. Twaite, appeals from his conviction of feloniously delivering a controlled substance, lysergic acid diethylamide (LSD), in violation of sec. 161.41 (1) (b), Stats. The court of appeals affirmed the judgment of conviction.

The defendant contends on appeal that the state was not entitled to reissue charges against him after a preliminary hearing had been held and the complaint dismissed. The complaint had been dismissed because the testimony of a chemist showed that the chemist had compiled a laboratory report which indicated that the substance in question contained LSD before he conducted the additional tests which disclosed the chemical makeup of the substance to a reasonable degree of scientific certainty. Because we conclude that the chemist's testimony concerning the tests conducted after the lab report was made constitutes "unused" evidence, we hold that it was not error to reissue the charges. Accordingly, we affirm the decision of the court of appeals.

On April 28, 1980, the defendant was charged by criminal complaint with two counts of feloniously delivering LSD, a controlled substance, contrary to secs. 161.41 (1) (b) and 161.14 (4) (j), Stats. At the preliminary examination held on May 5, 1980, the state offered into evidence the state crime laboratory report written by chemist Thomas W. Barnes of the New Berlin Regional Crime Lab. The defendant demanded the appear-

ance of the chemist, pursuant to sec. 165.79(3)(b), Stats.,[1] and the case was continued to May 12, 1980.

At the outset of the continued preliminary examination on May 12, 1980, the state moved to dismiss count one because the chemist was not then able to testify to a reasonable degree of scientific certainty that the evidence in count one contained LSD. The motion was granted, and only count two remained.

On direct examination, the chemist testified that it was his opinion, to a reasonable degree of scientific certainty, that the evidence in count two contained LSD. On cross-examination by the defense, the chemist testified that at the time he prepared the lab report he could not state to a reasonable degree of scientific certainty that the evidence contained LSD; therefore, he stated in the report that the test results "indicated" the presence of LSD.[2] The defendant then moved to dismiss count two.

---

[1] The then applicable version of sec. 165.79(3)(b), Stats., provided:

"165.79 **Evidence privileged.** . . .

"(3) . . .

"(b) At any preliminary examination, a report of the laboratory's or local health department's findings with reference to all or any part of the evidence submitted, certified as correct by the administrator, the head of the local health department or a person designated by either of them, shall, when offered by the state or the accused, be received as evidence of the facts and findings stated, if relevant and otherwise admissible in evidence. The expert who made the findings need not be called as a witness unless the expert's appearance is demanded by the opposing party, in which case the judge shall so order and adjourn the hearing to a time when the expert is available to testify."

Under the amended sec. 165.79(3)(b), Stats. (ch. 20 sec. 1488, Laws of 1981, effective July 31, 1981), an opposing party no longer has the right to demand the expert's appearance.

[2] The chemist testified that he had performed preliminary tests on the evidence, and the results indicated the presence of LSD. However, he had not completed his analysis at the time the initial

The judge ordered the charge dismissed, accepting the defendant's argument that the chemist's testimony could not go beyond the scope of the lab report itself. The judge decided that since the chemist's testimony was based on tests conducted after the commencement of the preliminary hearing, it could not be considered in determining whether to bind the defendant over for trial. The judge ruled that the lab report should have described the presence of LSD to a reasonable degree of scientific certainty, since the report had been offered into evidence in lieu of the chemist's testimony. The judge stated that "technically," the defendant's motion had to be granted, but ordered the defendant held so that the state could recharge him.[3]

The state reissued the criminal complaint and criminal warrant on count two on May 16, 1980. On July 15, 1980, a second preliminary examination was held before the same judge. The defendant moved to dismiss the charge, arguing that the state had no new or unused evidence and that the state could not, therefore, file another complaint under sec. 970.04, Stats. The state and the defendant stipulated to the testimony and transcript of the chemist and two police officers at the first preliminary examination for use at the second examina-

---

preliminary hearing commenced on May 5, 1980. The chemist did further testing on May 8, 1980. From his evaluation of all of the test results, the chemist was then able to form his opinion that, to a reasonable degree of scientific certainty, the substance contained LSD.

[3] Section 971.31 (6), Stats., provides:

"971.31 **Motions before trial.** . . .

"(6) If the court grants a motion to dismiss based upon a defect in the indictment, information or complaint, or in the institution of the proceedings, it may order that the defendant be held in custody or that his bail be continued for not more than 72 hours pending issuance of a new summons or warrant or the filing of a new indictment, information or complaint."

tion. The judge took the defendant's motion to dismiss under advisement.

In his memorandum decision of August 4, 1980, the judge denied the defendant's motion to dismiss. The court determined that at the second preliminary examination the state was relying on the testimony of the chemist, rather than on his lab report, to establish that to a reasonable degree of scientific certainty the evidence contained LSD. It ruled that the chemist's testimony was unused evidence. The defendant was, therefore, bound over for trial.

In its per curiam opinion, the court of appeals concluded that it was proper for the state to reissue the charge pursuant to sec. 970.04, Stats. The court decided that since the judge ruled that the chemist's testimony could not be taken into account, the testimony was new or unused evidence. We agree.

The sole issue presented to this court is whether the district attorney could reissue a criminal complaint on the ground that the chemist's testimony at the second examination, which was identical to his testimony at the first examination but which was not considered by the judge at the first preliminary, was new or unused evidence as required by sec. 970.04, Stats.

Section 970.04, Stats., provides:

"970.04 **Second examination.** If a preliminary examination has been had and the defendant has been discharged, the district attorney may file another complaint if he has or discovers additional evidence."

In *State v. Antes,* 74 Wis.2d 317, 246 N.W.2d 671 (1976), this court construed sec. 970.04, Stats., and its predecessor, sec. 955.20, Stats. 1963, to allow for the issuance of a second complaint if the district attorney had evidence which was not used at the first preliminary.[4]

---

[4] In *State v. Antes,* this court corrected dicta in *Tell v. Wolke,* 21 Wis. 2d 613, 124 N.W.2d 655 (1963), and *State ex rel. Beck v.*

"If the district attorney has evidence which will show probable cause that a defendant committed a crime and this evidence was not used at the first preliminary, he ought to be able to reissue." 74 Wis. 2d at 323.

This court has cautioned against the "literal and impractical" interpretation of sec. 970.04 advanced by the defendant. In *Tell v. Wolke,* 21 Wis. 2d 613, 617, 124 N.W.2d 655 (1963), and *State v. Brown,* 96 Wis. 2d 258, 265, 291 N.W.2d 538 (1980), we held that the statute was "directory only" and not meant to provide the accused with a defense or to operate as a bar to subsequent proceedings involving the same offense.[5]

Keeping this in mind, we must reject the defendant's contention that the chemist's testimony was "used" evidence which did not meet the requirements of sec. 970.04, Stats. At the continuation of the first preliminary on May 12, 1980, the trial court did not allow the chemist's testi-

---

*Duffy,* 38 Wis. 2d 159, 156 N.W.2d 368 (1968). In *Tell,* this court noted that "[t]he state has no appeal from errors of law committed by a magistrate upon preliminary examination. . . ." *Tell* at 619. The *Beck* court further noted that the state's only recourse for an error of law at the preliminary examination is to issue a second complaint. *Beck* at 166.

The *Antes* decision made it clear that the state should be able to appeal if it has no additional evidence or believes an error of law was committed. *Antes* at 323. We also stated in *Antes* that *Tell* and *Beck* correctly construed sec. 955.20, Stats. (now sec. 970.04), and were based on sound policy. *Id.*

[5] At the preliminary hearing in *Tell,* the district attorney had eight witnesses in attendance under subpoena, but rested his case after examining only one. The defendant then called his own to impeach the state's witness and, upon completion of the examination, moved for dismissal. The trial court refused to allow the district attorney to reopen his case and granted the motion to dismiss. The defendant was rearrested and charged with the same offense. The same eight witnesses were subpoenaed by the state for the second preliminary examination. Citing *State ex rel. Tessler v. Kubiak,* 257 Wis. 159, 42 N.W.2d 496 (1950), this court held that the charges against the defendant could be reissued. *Tell,* 21 Wis. 2d at 619.

mony regarding the tests he conducted after the date of his report (and after the preliminary began) to be used by the state to support its request for a bind-over. We agree with the state that the chemist's testimony was offered by the state but "unused" by the court.

We also agree with the state that "unused" in the context of a preliminary hearing means unused by the court in reaching its decision whether to bind the defendant over for trial. This position is in accord with the policy behind sec. 970.04, Stats.

"The law does not favor repeated litigation of the same issue. Public policy and effective judicial administration require that controversies once decided on their merits remain in repose and that *inconsistent judicial decisions not be made on the same set of facts.*" *Wittke v. State ex rel. Smith,* 80 Wis. 2d 332, 342, 259 N.W.2d 515 (1977). (Emphasis added.)

At the first preliminary examination, the trial court refused to take into account the chemist's testimony that the substance in question contained LSD "to a reasonable degree of scientific certainty," and it concluded that, based on the available evidence, probable cause did not exist. At the second preliminary, this testimony was taken into account, and probable cause was found to exist. These were not "inconsistent judicial determinations" based "on the same set of facts."

In *Wittke,* this court ultimately decided that the defendant could not be recharged. However, *Wittke* is clearly distinguishable from the case before us. In fact, *Wittke* presents the kind of situation which sec. 970.04, Stats., was intended to prevent.

The defendant in *Wittke* was charged with attempted murder. The charge stemmed from an incident in which the defendant had allegedly lunged at police officers with a sword. The testimony of two police officers and

the defendant's wife was received at the preliminary examination. The county judge ruled that the state had not established probable cause to believe that a felony had been committed, and he dismissed the complaint. The next day, a second complaint was issued against the defendant, based on the same incident. This complaint charged him with battery to a peace officer, sec. 940.205, Stats. 1975, and endangering safety by conduct regardless of life, sec. 941.30, Stats. 1975. The state had no further evidence to offer other than the corroborative testimony of a third officer at the scene. The credibility of the original evidence was not in doubt. 80 Wis.2d at 337. This court affirmed the ruling of the circuit judge making absolute a writ of habeas corpus after ruling that the state did not have "new evidence" and that the complaint could not be reissued, stating that

"[w]here the existence of probable cause has been fully litigated, where the proceedings have culminated in a final order of dismissal, and where there is no additional evidence to support a different result, unlimited relitigation should not be permitted." *Id.* at 342.

Our holding today is also supported by *State v. Brown,* 96 Wis. 2d 258. In *Brown,* this court reaffirmed the statement in *Tell v. Wolke* that sec. 970.04, Stats., did not cover situations

" 'where, after the first preliminary hearing, evidence still exists, whether because of improper exclusion on the first hearing *or of failure to adduce it* or of being unknown to the district attorney *or of other reasons.' "* *Brown,* 96 Wis. 2d at 265. (Emphasis supplied.)

This rule, of course, is not without limitations. If the reissuance of a complaint reaches the point of harassment, the fair-play doctrine can be invoked by a defendant, precluding any further prosecution of the case. *State*

*v. Brown,* 96 Wis. 2d at 266–67; *Tell v. Wolke,* 21 Wis. 2d at 620. However, in the case before us, there has been no indication that the purpose of the reissuance of the complaint was to harass the defendant.

The defendant asserts that the state's only recourse after the charge was dismissed was to appeal the decision from the preliminary examination as an error of law. However, even if the judge erred in dismissing the complaint, the district attorney was not precluded from reissuing the charges, since he had unused evidence. The state correctly points out that in reissuing the complaint, the district attorney was seeking the opportunity to present all of his evidence for judicial review; he was not seeking to disturb the court's decision to not take into account the chemist's testimony at the first preliminary.

It should also be noted that sec. 970.04, Stats., should not be construed so as to give a discharge on a preliminary hearing the effect of an acquittal after a trial on the merits.

"The preliminary hearing is not a trial in the sense the accused has been put in jeopardy nor is the discharge from custody upon the failure of proof at a preliminary examination *res judicata* on the district attorney any more than a bind over for trial is *res judicata* of the defendant's guilt."

*Tell v. Wolke,* 21 Wis. 2d at 617–18, citing *Montgomery v. State,* 128 Wis. 183, 107 N.W. 14 (1906).

Finally, the effect of adopting the position advocated by the defendant would be to substantially prolong the controversy and require that greater expenses be incurred. The more sensible approach is to allow the charges to be reissued. Therefore, we conclude that under the facts of this case, there was no error in reissuing the charges and using the chemist's testimony at the second preliminary examination.

*By the Court.*—The decision of the court of appeals is affirmed.

SHIRLEY S. ABRAHAMSON, J. *(concurring).* I write separately to emphasize that the majority's holding that testimony adduced but not considered at the first preliminary examination is "unused" evidence rests on the peculiar nature of this case.

In this case the state presented at the first preliminary examination a written laboratory report as evidence of the fact that the evidence seized from the defendant contained LSD. The defendant demanded the appearance of the chemist who had prepared the report, and the court continued the preliminary examination to another day to allow the chemist to testify. Sec. 165.79(3)(b), Stats. 1979–80.

The chemist's testimony at the continued preliminary examination revealed that the original written report was incomplete, because when the chemist had prepared it he had not finished all tests and he could not report to a reasonable degree of scientific certainty that the samples contained LSD. After the written report was filed, the chemist performed additional confirmatory tests, and he testified that the samples contained LSD.

At the continued preliminary examination the circuit judge refused to consider the chemist's testimony not because the testimony was inadmissible under the rules of evidence but because the judge was angry at the chemist whom the judge believed was doing the court a disservice in having prepared and filed an incomplete written report. The circuit judge refused to accept the district attorney's assertion that because the chemist was present to testify at the continued preliminary examination at the demand of the defendant, sec. 165.79 (3)(b), the chemist could testify beyond the scope of his filed written report.

As the following excerpt from the transcript of the first preliminary examination reveals, the circuit judge appeared to be more concerned with the quality of chemists' reports submitted for use at preliminary examinations than with hearing the chemist's testimony regarding the evidence of the alleged crime in this case.

*"The Court:* . . . The Court, frankly, is a little shocked. You mean to tell us that you're turning out reports which don't indicate conclusions?

*"The Witness:* No, Your Honor, I was asked, because my analysis was not completed on that date, to provide something in writing that would indicate that LSD was present, and my analysis, which I told him over the phone, I didn't have my report finished at that time . . . and of course since that time I have completed my analysis and at this time I can give a written or other report.

*"[Assistant District Attorney]:* I think that his testimony here today was that he did find that the tests that he performed did indicate there was likely the presence of LSD. . . . I think that based on the information we have here today we can have a bindover on that count.

. . .

*"The Court:* I don't think that has anything really to do with what we're doing here today. What I'm saying to this young man is, the Court is shocked that he would make a report like this because under our procedure we basically accept that report, and I suspect what it will mean is that now every time we have a preliminary examination they're going to demand the people come over here.

"What I'm doing is, I'm chewing you out a little bit here. I don't think you should send us a report, unless it's a final report, because that report is accepted here in lieu of having you testify, and I would suggest that you go back and discuss this with your supervisor that there be a new procedure established down there.

. . .

"I will frankly say that I am horrified with what this witness has done here. He's certified a report which isn't anything at all, and we received that report at that time as evidence to the fact and findings as stated at

that time. Now he comes in and tells us that he has made some more tests.

"Now, I grant you that what we'll probably be doing here is that you'll have to start over and have a new preliminary, we'll have to do it again.

. . .

"I don't think there is anything untrue in there [the report]. Frankly, I didn't read it back when we did this, but what I'm saying very strongly is that the Court would assume in any one of these cases that the report that is made would be equivalent to the testimony of a chemist."

The circuit judge apparently granted the motion to dismiss the charge to teach the chemist and district attorney a lesson, namely, that the circuit judge was not going to put up with their filing in circuit court incomplete, and therefore potentially misleading, reports. It is clear from the record that the circuit judge understood that the chemist's testimony presented at the continued first preliminary examination was admissible evidence, that the same evidence would be presented at a second preliminary examination, and that the same evidence presented at the second preliminary examination would justify binding the defendant over for trial.

This case is not the usual case of a circuit judge who hears but erroneously refuses to admit or to consider evidence in a preliminary examination and consequently discharges the defendant. Under the peculiar circumstances of this case, I agree with the majority that the more sensible approach is to allow the charges to be reissued rather than to force the state to appeal from the circuit judge's order.