STATE of Wisconsin, Plaintiff-Respondent,

V.

William C. ROTH, Defendant-Appellant.†

Court of Appeals

*No. 83–312–CR. Submitted on briefs August 16, 1983.—
Decided September 26, 1983.*
(Also reported in 339 N.W.2d 807.)

For the defendant-appellant the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender, of counsel, of Milwaukee.

For the plaintiff-respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general,

---

† Petition to review granted.

with *Jerome S. Schmidt,* assistant attorney general, of counsel, of Madison.

Before Wedemeyer, P.J., Decker and Moser, JJ.

WEDEMEYER, P.J. William C. Roth (Roth) appeals from a judgment of conviction entered May 12, 1982, following a jury trial, wherein he was found guilty of theft by lessee, contrary to secs. 943.20(1)(e) and (3)(b), Stats. Roth also appeals from the trial court's order entered February 17, 1983, denying his postconviction motions. The dispositive issues[1] on appeal are: (1) whether sec. 943.20(1)(e) is unconstitutional because it amounts to imprisonment for debt contrary to article I, section 16 of the Wisconsin Constitution; and (2) whether Roth is entitled to a new trial because the trial court erred by failing to instruct the jury on the element of "intent to defraud." Because we hold that sec. 943.20 (1)(e) is constitutional and that Roth has waived his claim of error regarding the instructions, we affirm the trial court's judgment and order.

On August 28, 1980, Roth rented an automobile from a West Allis leasing firm. Roth paid a $30 deposit. The automobile was to be returned September 3, 1980. Roth did not return the automobile until November 18, 1980.

Roth first argues that sec. 943.20(1)(e), Stats., is unconstitutional because it amounts to imprisonment for debt contrary to article I, section 16 of the Wisconsin Constitution. We disagree.

Section 943.20(1)(e), Stats., reads as follows:

Theft. (1) Acts. Whoever does any of the following may be penalized as provided in sub. (3):

---

[1] We note that Roth also raises an issue regarding the time limits in which the state public defender is required to determine indigency, appoint counsel and order the transcripts. Because the other issues are dispositive of this appeal, we need not address this issue.

. . . .

(e) Intentionally fails to return any personal property which is in his possession or under his control by virtue of a written lease or written rental agreement, within 10 days after the lease or rental agreement has expired.

Article I, section 16 of the Wisconsin Constitution reads as follows:

Imprisonment For Debt. Section 16. No person shall be imprisoned for debt arising out of or founded on a contract, expressed or implied.

Regarding a challenge to the constitutionality of a statute, our supreme court has stated:

". . . [T]here are applicable in this case the rules, (1) that the statute is presumed to be constitutional and will be held unconstitutional only if it appears so beyond a reasonable doubt. [A]nd (2) that the burden of establishing the unconstitutionality of a statute is on the person attacking it, who must overcome the strong presumption in favor of its validity.

"As stated in *State ex rel. Carnation M. P. Co. v. Emery*, 178 Wis. 147, 160, 189 N.W. 564:

" 'If there is any reasonable basis upon which the legislation may constitutionally rest, the court must assume that the legislature had such fact in mind and passed the act pursuant thereto. The court cannot try the legislature and reverse its decision as to the facts. All facts necessary to sustain the act must be taken as conclusively found by the legislature, if any such facts may be reasonably conceived in the mind of the court.'

"And as stated in *Gibson Auto Co. v. Finnegan, supra* (p. 406):

" '. . . under our system of government the court is not called upon to consider the economic, social, and political matters dealt with in the act. Whatever conclusion may be reached as the result of our deliberation, it in no way involves the determination by the court of the social value of the objective sought. Under our constitutional system, in reviewing an act of the legislature, the duties of the court are limited to considering whether

or not the act of the legislature contravenes the provisions of the constitution.' "

Also, in *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 415, 147 N.W.2d 633, this court said:

"On the other hand, it is a legislative enactment that is attacked as being unconstitutional, and the cardinal rule of statutory construction is to preserve a statute and to find it constitutional if it is at all possible to do so. We have recently said:
" '. . . the duty of this court is . . . if possible, to so construe the statute as to find it in harmony with accepted constitutional principles.'
"All legislative acts are presumed constitutional, and every presumption must be indulged to sustain the law if at all possible. If any doubt exists it must be resolved in favor of the constitutionality of a statute. We as a court are not concerned with the merits of the legislation under attack. We are not concerned with the wisdom of what the legislature has done. We are judicially concerned only when the statute clearly contravenes some constitutional provision." [Citations omitted.] *State ex rel. Hammermill Paper Co. v. La Plante*, 58 Wis. 2d 32, 46–47, 205 N.W.2d 784, 792–93 (1973).

Roth contends that, for sec. 943.20 (1) (e), Stats., to be constitutional, it must contain the element of "intent to defraud." We find no merit to this contention.

We have reviewed sec. 943.20 (1) (e), Stats., and conclude from the clear meaning of that statute that "intent to defraud" is not an element of the crime of theft by lessee nor does it have to be for that statute to withstand a constitutional challenge. The intentional aspect of this crime is failing to return rented property within ten days. There is no requirement that the lessee intentionally defraud the lessor.

As support for his contention that "intent to defraud" must be an element of the crime so that the statute can withstand a constitutional challenge, Roth refers this

court to *State v. Leeman,* 581 P.2d 693 (Ariz. 1978);
*State v. Madewell,* 309 A.2d 201 (N.J. 1973) ; and *Speidel
v. State,* 460 P.2d 77 (Alaska 1969). We have examined
these cases and conclude that they do not support Roth's
contention. These cases uniformly stand for the proposi-
tion that for a theft-by-lessee statute to be constitutional
it must contain an element of criminal intent. There is
no requirement that this intent must be "intent to de-
fraud." Because our theft-by-lessee statute contains an
element of criminal intent, it would withstand a con-
stitutional challenge under the rules promulgated in these
cases.

We have carefully reviewed this statute and conclude
that it does not unconstitutionally imprison one for a
debt. Our supreme court has stated in a similar chal-
lenge to an embezzlement statute: "For stronger reasons
it should be held that the constitutional prohibition does
not apply where the imprisonment is to punish crime.
In such a case the imprisonment is not for any debt aris-
ing out of or founded on contract, express or implied,
*but on account of the criminal act."* [Emphasis added.]
*Pauly v. Keebler,* 175 Wis. 428, 438, 185 N.W. 554, 558
(1921). We determine that this reasoning is persuasive
in this appeal. Roth is not subject to criminal liability
here because he failed to pay a debt. Rather, Roth is
liable on account of his criminal act, *i.e.,* intentionally
failing to return the rented property within ten days.
Accordingly, we hold that sec. 943.20 (1) (e), Stats., is
constitutional.

Lastly, Roth argues that the trial court erred by fail-
ing to instruct the jury on the element of "intent to de-
fraud."

We have reviewed the record and conclude that Roth
has not preserved this issue for review. Roth failed to
request the trial court to instruct the jury on "intent to
defraud." The failure to request an instruction or to

168

object effectively waives any right to review. *Bergeron v. State,* 85 Wis. 2d 595, 604–05, 271 N.W.2d 386, 388–89 (1978).

Had this issue been properly preserved, we would hold that the trial court did not err by failing to give the instruction because, as we have noted above, "intent to defraud" is clearly not an element of the crime of theft by lessee.

*By the Court.*—Judgment and order affirmed.