STATE of Wisconsin, Plaintiff-Appellant,

v.

Willie E. JOHNSON, Defendant-Respondent.†

Court of Appeals

*No. 98–2881–CR. Submitted on briefs August 20, 1999.—Decided October 13, 1999.*

(Also reported in 604 N.W.2d 902.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general and *David J. Becker,* assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Douglas I. Henderson* of Kenosha.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. The State appeals from an order dismissing its second complaint charging Willie E. Johnson with robbery and bail jumping in violation of §§ 943.32(1) and 946.49(1)(b), STATS. Arguing against the dismissal of its complaint, the State contends that it presented new and unused evidence supporting probable cause at the second preliminary hearing. We agree and reverse.

BACKGROUND

¶ 2. Johnson was charged with the robbery of a gas station. In a February 18, 1998 complaint, the State alleged that Johnson "placed his right hand near his back pocket and twice asked [the gas station attendant] to open up the cash register while he moved behind the counter." Scared and feeling that Johnson was reaching for a weapon, the attendant opened the cash register. Johnson took money from the register and fled on a red bicycle. At the time of the robbery, Johnson was on bail with a condition that he not engage in criminal activity; as a result, he was charged

60

with bail jumping in addition to robbery. *See* §§ 943.32(1)(a), 946.49(1)(b), STATS.

¶ 3. At the preliminary hearing, the State presented two witnesses to demonstrate that probable cause existed to charge Johnson with the crimes. The first witness, Suzanne Surber, was the gas station attendant. Surber testified that the robber came to the counter to purchase a couple of items and asked her to open the register. When she did not respond, the robber repeated himself and reached his arm around his back as if moving it toward his back pocket. Believing that the robber was moving his arm to pull out a weapon, Surber immediately opened the register. Surber also stated that the robber moved towards her, coming around from the front of the counter towards the cash register located behind the counter. The robber grabbed some cash from the register and left the station.

¶ 4. The second witness, Marvin Durr, was walking to the gas station at the time of the robbery. He observed the robber fleeing the station and identified Johnson as this person.

¶ 5. Johnson objected to being bound over for trial on the robbery charge, arguing that the State's evidence did not sufficiently demonstrate that he used or threatened to use force during the robbery. Without proving this element of the crime, Johnson contended that the State failed to show probable cause that he had committed a felony.[1] The court commissioner

---

[1] The crime of robbery occurs when an individual takes property from another with the intent to steal and uses or threatens the use of imminent force against the individual with the intent to overcome any physical resistance to the taking or carrying away of the property. *See* § 943.32(1), STATS. This crime is classified as a felony. If an individual does not use or

agreed. He noted that the gas station attendant's testimony did not allege that Johnson threatened the use of force. The court commissioner stated:

> Where is the imminent use of force or the use of force? . . . I recognize that [the attendant] was afraid . . . . But that in and of itself does not give rise to facts that support [threatening the use of force]. Where am I going to find that? There's no statement made by him, there's nothing that she saw that led her to believe there was something in his pocket. He moved his hand in the area of his back pocket. What does that mean?

Consequently, the court commissioner dismissed the criminal complaint.

¶ 6. Contending that it had new and unused evidence against Johnson, the State reissued the complaint on February 26, 1998. At the second preliminary hearing about the robbery, the State presented four witnesses against Johnson.

¶ 7. The first witness testified to observing Johnson leave the gas station immediately before the attendant dashed out yelling that the station had been robbed. The witness described Johnson as "a big guy" at five feet and ten or eleven inches tall, and 200 pounds.

¶ 8. The State's next witness was an inmate who had shared a prison cell with Johnson. He testified that Johnson "said he bought like a soda and a pack of cigarettes, and that he went up to the cash register with his hands behind his back and told her to give him

---

threaten the use of force when stealing the property, then his or her actions constitute the misdemeanor offense of theft. *See* § 943.20, STATS.

money; and once she did, he got on his bike and rode and took off."

¶ 9. Surber testified again at the second preliminary hearing, offering a more detailed description of the robbery. She stated that she was a "5 foot" tall, "petite" person and Johnson was "a big guy." She described and demonstrated the robbery's events to the court.

> A Okay. He started to say, "I'm going to ask you to open up the register." Only this time, he was reaching in back of him like that; and he started to take a step—the counter is right here—and so, now, he is taking a step towards—
>
> Q Around the counter?
>
> A Right.
>
> . . . .
>
> [PROSECUTOR]: Your Honor, request the record show that the witness had stepped forward one step; that she had her right hand reached behind her back; and that she was saying that . . . [Johnson] was stepping around the counter . . . .
>
> THE COURT: And the record would reflect that she placed her hand in a motion behind her back and was to the right rear pocket area.

¶ 10. The State's final witness was Durr, who again testified that Johnson was the person who left the gas station immediately after the robbery.

¶ 11. This time the court commissioner concluded that the State had shown that probable cause existed that Johnson had committed a felony. In analyzing the additional evidence presented by the State, the court commissioner found Surber's demonstration of Johnson stepping toward her while reaching behind his back to be compelling evidence. He also noted that

the inmate's testimony showed that Johnson was attempting to convey an impression that he had a weapon. The court commissioner concluded that this evidence sufficiently demonstrated that Johnson had. threatened the use of force and satisfied that element of the felony charge of robbery.

¶ 12. Johnson filed a motion to dismiss, arguing that he was bound over for trial after the second preliminary hearing without the State presenting any new or unused evidence. After reviewing the record, the circuit court concluded that the State's evidence consisted of only cumulative and corroborative testimonies and granted Johnson's dismissal motion. The State appeals.

## DISCUSSION

¶ 13. The purpose of a preliminary hearing is to determine whether there is probable cause to believe that a felony has been committed by the defendant. *See* § 970.03(1), STATS. It is not a full evidentiary hearing but rather is intended to be a summary hearing where the magistrate considers if the State has presented sufficient evidence establishing a reasonable probability that the defendant committed the felony. *See Cranmore v. State*, 85 Wis. 2d 722, 735, 271 N.W.2d 402, 409–10 (Ct. App. 1978). The preliminary hearing acts as a screening device, protecting defendants from groundless or malicious prosecutions, *see State v. Dunn*, 117 Wis. 2d 487, 491, 345 N.W.2d 69, 71 (Ct. App.) *aff'd,* 121 Wis. 2d 389, 359 N.W.2d 151 (1984), and thus also conserving our judicial resources. Therefore, if the magistrate determines that the defendant probably did not commit the charged crime, the State's

complaint will be dismissed. *See Cranmore*, 85 Wis. 2d at 735, 271 N.W.2d at 409.

¶ 14. After a complaint is dismissed at a preliminary hearing, a second complaint can be filed against the defendant if additional evidence exists or is discovered. *See* § 970.04, STATS. Reissuance of the complaint is permitted because the dismissal after the preliminary hearing does not have the same effect as an acquittal after a trial on the merits. *See State v. Brown*, 96 Wis. 2d 258, 266, 291 N.W.2d 538, 542 (1980). More specifically, a complaint may be reissued against a defendant when "new or unused evidence" would support a finding of probable cause. *See id.*

¶ 15. In this case, the State's primary contention against the dismissal of its second complaint is that it presented "new and unused evidence" to support a finding of probable cause that Johnson committed a felony. Supporting this argument, it makes two contentions. First, it asserts that our appropriate standard of review is de novo. Second, by applying this standard to the evidence presented at the second preliminary hearing, it argues that sufficient new or unused evidence, demonstrating that Johnson threatened the gas station attendant with the use of force, was presented to the court commissioner. We will begin by addressing the State's standard of review argument.

## A. *Standard of Review*

¶ 16. Previously, we have determined that our appellate review is de novo when considering a magistrate's probable cause decision at an initial preliminary hearing. *See State v. Sauceda*, 163 Wis. 2d 553, 566, 472 N.W.2d 798, 803 (Ct. App. 1991), *rev'd on other grounds*, 168 Wis. 2d 486, 485 N.W.2d 1 (1992). To

date, we have not considered what the appropriate standard should be to review a circuit court's reversal of a court commissioner's finding that the State presented new and unused evidence to support issuing a second complaint against a defendant. The State advances that our review in this situation should be de novo. And, Johnson does not dispute this point.

¶ 17. When presented with a similar situation—the appellate review of a circuit court's reversal of a court commissioner's determination regarding the existence of probable cause at the preliminary hearing—we reasoned as follows:

> The focus of a preliminary hearing is to ascertain whether the facts and the reasonable inferences drawn therefrom support the conclusion that the defendant probably committed a felony. A reviewing court plays a limited role in reviewing a magistrate's finding as to the existence of probable cause at a preliminary hearing. A reviewing court examines the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. Where a trial court reviews the magistrate's decision, the court must apply the same test for review as would the appellate court. Upon appellate review of the trial court's review, we owe no deference to the trial court's determination.
>
> . . . .
> . . . [W]hile trial court review of the magistrate's decision is first necessary, appellate review of the magistrate's decision is *de novo*. We need not give deference to the trial court's decision because the court was in no better position than we to assess the preliminary hearing evidence.

*Id.* at 566–67, 472 N.W.2d at 803 (citations omitted).

¶ 18. In sum, we resolved that the appellate court does not give deference to the circuit court when it reviews a court commissioner's probable cause decision because both courts are reviewing the transcripts and record made before the court commissioner; therefore, both courts are in the same position when conducting their reviews. This logic also applies to our review of the present situation—the circuit court's reversal of the court commissioner's decision that the State presented new and unused evidence to support issuing a second complaint. Our review of this issue will be identical to that of the circuit court: we will examine the record made before the court commissioner. For this reason, we will conduct our review without deference to the circuit court's conclusion.

## B. New or Unused Evidence

¶ 19. After the initial preliminary hearing, the court commissioner dismissed the complaint filed against Johnson because he found that the State failed to sufficiently establish that Johnson probably threatened the use of force while conducting the robbery, an essential element of the crime. The State reissued the complaint and presented new witnesses at the subsequent preliminary hearing. At the close of the second preliminary hearing, the court commissioner concluded that the State, through its witnesses' testimonies, had presented new and unused evidence showing that Johnson had probably threatened the use of force during the robbery. To the contrary, the circuit court, considering Johnson's motion to dismiss the complaint, disagreed because it determined that the State's evidence consisted only of cumulative and corroborative testimonies. We now conduct our own

independent review of the second preliminary hearing record, examining if the State presented "new or unused" evidence to sustain the second complaint.

¶ 20. What constitutes new or unused evidence is not easily definable. *See Wittke v. State ex. rel Smith*, 80 Wis. 2d 332, 344, 259 N.W.2d 515, 520 (1977). It is not evidence that is "merely cumulative or corroborative." *See Brown*, 96 Wis. 2d at 267, 291 N.W.2d at 543. But, on the other hand, it may be evidence that was previously presented to the court but not considered by it in its decision. *See State v. Twaite*, 110 Wis. 2d 214, 219–20, 327 N.W.2d 700, 703 (1983). We are directed to apply our common sense to this issue, as our supreme court has suggested that "there is no reason to believe that . . . courts will be unable to give [the concept] substance." *Wittke*, 80 Wis. 2d at 344, 259 N.W.2d at 520.

¶ 21. Based upon our independent review of the record, we conclude that the court commissioner was correct in finding that the State presented new and unused evidence that Johnson committed robbery. First, the gas station attendant gave a more detailed description, including a demonstration, of Johnson's words and gestures during the robbery. The attendant testified that Johnson stepped toward her demanding that she open the cash register while moving his arm behind him and reaching for his back pocket. Johnson's cell mate, a new witness, also averred that Johnson confessed the robbery to him and described how he had his hands behind his back when he ordered the attendant to open the cash register. This evidence was not originally before the court commissioner. We determine that it is not cumulative evidence, but is new evidence.

¶ 22. Moreover, we conclude that the new evidence shows a reasonable probability that Johnson threatened the use of force while stealing. The threat of force element does not require express threats of bodily harm. It is met "if the taking of the property [is] attended with such circumstances of terror, or such threatening by menace, word, or gesture as in common experience is likely to create an apprehension of danger and induce a [person] to part with property for [his or her] safety." *See Washington v. Collinsworth*, 966 P.2d 905, 907 (Wash. Ct. App. 1997), *review denied*, 959 P.2d 127 (Wash. 1998) (quoted source omitted). We are persuaded that Johnson's words and gestures were intended to create an impression that he would use force, if necessary, to take the property. In fact, we can think of no other purpose for Johnson to have included the "hands behind his back" detail in his rendition of the robbery to his cell mate other than to convey that he threatened the attendant with the possible use of force if she did not comply with his requests.

¶ 23. In addition to this new evidence, the State also re-presented evidence at the second preliminary hearing that was not considered at the first preliminary hearing. A witness at the scene of the robbery and the gas station attendant both testified to Johnson's physical size. They described him as "a big guy" while the attendant described herself as petite and five feet tall. By presenting evidence of the comparative physical sizes of the attendant and Johnson, the State sought to underscore why the attendant rationally felt Johnson was dangerous and feared that he might harm her if he used force against her. Although evidence regarding Johnson's large build was presented at the initial preliminary hearing, the court commissioner did

not consider it in his decision. Evidence that has been presented to the court but not taken into account when the court made its decision during the initial preliminary hearing is considered "unused," and the State may use such evidence as support for its reissuance of a complaint. *See Twaite*, 110 Wis. 2d at 220, 327 N.W.2d at 703. Accordingly, we determine that unused evidence was before the court commissioner that supported the State's reissuance of the complaint against Johnson. Because we conclude that both new and unused evidence was offered at the second preliminary hearing to support probable cause that Johnson committed the robbery, we reverse the circuit court's dismissal of that complaint and remand the case for further proceedings.

*By the Court.*—Order reversed and cause remanded with directions.