State of Wisconsin, Plaintiff-Respondent,
v.
Steven Hyvare, Defendant-Appellant.
No. 2003AP3009-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 20, 2005.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶ 1 PER CURIAM.
Steven Hyvare appeals from a judgment convicting him of robbery by threat of use of force contrary to WIS. STAT. § 943.32(1)(b) (2001-02)[1] as a repeat offender. On appeal, Hyvare argues that the circuit court erred when it: (1) modified the jury instruction for robbery to reflect State v. Johnson, 231 Wis. 2d 58, 604 N.W.2d 902 (Ct. App. 1999); (2) declined to instruct the jury on a lesser-included offense of theft; and (3) erroneously permitted an expert witness to testify that a videotape of the robbery depicted the "bank robber." We reject Hyvare's claims and affirm.
¶ 2 Hyvare entered a bank and demanded money from a bank teller. At trial, the teller identified Hyvare as the robber and testified that Hyvare showed her a note which said "holdup, money, please." In response to the note, the teller began gathering stacks of bills for Hyvare. When the teller tried to place a dye pack in the stack, Hyvare tugged at his shirt. The teller gave Hyvare the money because she thought she was being robbed, and the bank's teller training had instructed her to comply with a robber. On cross-examination, the teller testified that she never saw a weapon, did not believe that Hyvare had a weapon and did not see any bulge in Hyvare's clothing which suggested a weapon. However, she was shocked and scared when she saw the note. The teller testified that she was supposed to give a robber a dye pack if she felt it was safe to do so. However, when she tried to do so, the robber shook his head at her, indicating that she should not include the dye pack in the stack. She followed Hyvare's instructions, as she had been trained to do. She activated the alarm at her teller station after Hyvare departed; she did not do so earlier because she did not feel it was safe to do so.
¶ 3 On appeal, Hyvare challenges the jury instructions. Hyvare was charged with robbery by threat of use of force contrary to WIS. STAT. § 943.32(1)(b). The court accepted a modified robbery instruction from the State[2] addressing the threat of use of force element discussed in Johnson, and denied Hyvare's request to instruct the jury on a lesser-included offense of theft. Even though Hyvare concedes on appeal that "[t]here was nothing legally incorrect" about the modified jury instruction, he wanted an instruction on theft because he did not use or imply force while taking money from the bank.[3]Johnson disposes of this argument.
¶ 4 Johnson discusses the threat of use of force and states:
The crime of robbery occurs when an individual takes property from another with the intent to steal and uses or threatens the use of imminent force against the individual with the intent to overcome any physical resistance to the taking or carrying away of the property. See § 943.32(1), STATS. This crime is classified as a felony. If an individual does not use or threaten the use of force when stealing the property, then his or her actions constitute the misdemeanor offense of theft. See § 943.20, STATS. Johnson, 231 Wis. 2d at 61 n.1. The Johnson court stated that the threat of use of force element in robbery "does not require express threats of bodily harm." Id. at 69. Rather, the element is met "if the taking of the property [is] attended with such circumstances of terror, or such threatening by menace, word, or gesture as in common experience is likely to create an apprehension of danger and induce a [person] to part with property for [his or her] safety." Id. (alteration in original; citation omitted).
¶ 5 In light of the evidence admitted at trial, the court properly modified the robbery instruction to reflect Johnson's discussion of the threat of use of force element. The teller testified that she was shocked and scared during the robbery, and that Hyvare's words and gestures made her feel it was not safe to place the dye pack in the stack of money or alert bank officials by engaging her alarm while Hyvare was standing at her window. The money was taken under "circumstances of terror, or such threatening by menace, word, or gesture as in common experience is likely to create an apprehension of danger and induce a [person] to part with property for [his or her] safety." Id. (alteration in original; citation omitted). The teller's testimony provided a basis for the circuit court to modify the robbery instruction to reflect Johnson's discussion of the threat of use of force element.
¶ 6 We turn to Hyvare's argument that the circuit court should have instructed the jury on the lesser-included offense of theft. Whitaker v. State, 83 Wis. 2d 368, 374, 265 N.W.2d 575 (1978) (theft is a lesser-included offense of robbery). Whether a lesser-included offense instruction should be submitted to the jury is a question of law that we review independently. State v. Salter, 118 Wis. 2d 67, 83, 346 N.W.2d 318 (Ct. App. 1984). The court must "determine whether there is a reasonable basis in the evidence for an acquittal on the greater charge and for a conviction on the lesser charge." State v. Muentner, 138 Wis. 2d 374, 387, 406 N.W.2d 415 (1987). In determining the propriety of a lesserincluded offense instruction, the "court must view the evidence in a light most favorable to the defendant." State v. Fitzgerald, 2000 WI App 55, ¶ 7, 233 Wis. 2d 584, 608 N.W.2d 391.
¶ 7 Hyvare used a holdup note to compel the teller to give him money, and the jury had to decide whether the teller complied due to a threat of use of force as discussed in Johnson. Because there was evidence of a threat of use of force, as discussed above, the court correctly declined to instruct the jury on theft, which lacks a threat element. There was no reasonable basis in the evidence for a jury to acquit Hyvare of robbery and convict him of theft.
¶ 8 Finally, Hyvare argues that the court erroneously permitted an expert witness on videotape identification to testify that a videotape of the robbery depicted the "bank robber." An examiner of video imagery from the Federal Bureau of Investigation testified that he reviewed the videotape from the bank robbery "to find the best images that depicted the bank robber." Hyvare objected to the phrase "bank robber" because it was for the jury to decide whether there was a bank robber. Hyvare sought a mistrial on this ground. The State countered that Hyvare was not prejudiced by this testimony because the words "robbery" and "bank robber" had been used many times during the trial. The court denied Hyvare's mistrial motion. The court found that the jury knew that the case involved a bank robbery.
¶ 9 We agree with the circuit court that the examiner's reference to "bank robber" was not prejudicial. At the point at which he referred to the "bank robber," the examiner was describing what appeared on the tape. The examiner did not identify Hyvare as the bank robber; he merely stated that the videotape would show the bank robber.
¶ 10 Hyvare also argues that the circuit court erroneously permitted the examiner to give opinion evidence under WIS. STAT. § 907.01. Hyvare did not argue this ground in the circuit court, and we will not consider it for the first time on appeal. Wirth v. Ehly, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140 (1980).
¶ 11 Finally, Hyvare argues that the circuit court should have instructed the jury to disregard the examiner's remark. Hyvare never requested such an instruction. "The failure to request an instruction or to object effectively waives any right to review." State v. Roth, 115 Wis. 2d 163, 167-68, 339 N.W.2d 807 (Ct. App. 1983).
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The pattern robbery instruction appears at WIS JICRIMINAL 1477. The modified instruction stated:

The fourth element [of robbery] requires that the defendant threatened the imminent use of force against [the teller] with intent to compel [the teller] to submit to the taking or carrying away of the property. "Imminent" means "near at hand" or "at the point of happening." The threat of force element does not require express threats of bodily harm. It is met if the taking of property is attended with such circumstances of terror, or such threatening by menace, word, or gesture, as in common experience is likely to create an apprehension of danger and induce [the teller] to part with the property for her safety.
[3] "Robbery is distinguished from theft only in that robbery contains the element of violence or threat of violence." State v. Johnson, 207 Wis. 2d 239, 247, 558 N.W.2d 375 (1997).