COURT OF APPEALS
DECISION
DATED AND FILED

February 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2023AP2300**

STATE OF WISCONSIN

Cir. Ct. No.  2020TR6342

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

PETER JOHN LONG,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Winnebago County:  MICHAEL S. GIBBS, Judge.  *Affirmed*.

¶1     NEUBAUER, J.[1]  Peter John Long, pro se, appeals from a judgment convicting him of refusing to submit to a chemical test after arrest in violation of WIS. STAT. § 343.305(9)(a).   Long contends that the circuit court erred in concluding that the arresting officer had probable cause to arrest him for operating a motor vehicle while under the influence of intoxicants (OWI).  This court rejects Long's arguments and affirms.

## BACKGROUND

¶2     The parties do not dispute the facts pertinent to this appeal as testified to by Officer Jonathan Evers of the Fox Crossing Police Department, the only witness to testify at Long's refusal hearing.

¶3     On August 20, 2020, at approximately 2:51 a.m., Evers was on patrol when he observed a motorcycle "hung up" on a curb.  The motorcycle was "partially parked on the curb and partially parked on the street ... [with the] front tire of the motorcycle … hanging off of the curb above the street and spinning all of its own accord."  There was no one else around the motorcycle.  There was a rut under the back tire of the motorcycle, or dirt behind it, indicating that the driver unsuccessfully attempted to accelerate to get it off the curb.  One of the handlebars on the motorcycle was bent inwards.  The motorcycle was warm to the touch, indicating that someone had recently driven it, and the motorcycle had "crashed" and was "completely stuck" on the curb.

---

[1] While this appeal was being briefed, Long filed a motion under WIS. STAT. RULE 809.41(1)(a) (2021-22) to have the appeal decided by a three-judge panel.  The motion fails to explain why a three-judge panel is necessary.  Accordingly, the motion is denied and this appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4      Another officer found Long sleeping or unconscious next to the street about five hundred feet from the motorcycle.  Long told this officer that he was out walking, explaining that he was releasing small animals he had trapped at his home.  Long did not mention the motorcycle.  In contrast, Long told Evers that he was a passenger on the motorcycle driven by his friend and that they were going to visit Long's mother's grave.  Long refused to identify the name of the individual he claimed drove the motorcycle.

¶5      Long smelled strongly of alcohol and his speech was slurred.  He had what looked like burn marks or road rash on his leg and the other officer reported seeing a cut on his lip.  The other officer found the motorcycle's keys in Long's pocket.  The vehicle identification number for the motorcycle indicated that it belonged to Long.  Long refused to perform field sobriety tests.

¶6      Evers arrested Long for OWI.  Evers read Long the Informing the Accused form, Long refused a chemical test, and a blood sample was taken pursuant to a warrant.  The next day, the police filed a notice of intent to revoke Long's operating privilege based on his refusal to submit to a test.  Long timely filed a request for a refusal hearing.  Long was also criminally charged with OWI, tenth offense, in a separate case.

¶7      At the preliminary hearing on Long's OWI case, the court commissioner dismissed the case after concluding that the State failed to present sufficient evidence to establish probable cause that a felony had been committed. The refusal case against Long continued.

¶8      While he initially defaulted on the refusal, Long subsequently challenged the default, which was vacated.  The circuit court later held the refusal hearing at issue in this appeal, at which Long argued that Evers lacked probable

cause to arrest him for OWI. The circuit court denied Long's challenge and entered judgment on the refusal charge. Long appeals.

## DISCUSSION

### I.   Pertinent Legal Standards

¶9    At a refusal hearing, a defendant may challenge only: (1) whether the police officer had probable cause to believe the accused drove or operated a vehicle under the influence of an intoxicant and was lawfully arrested for an OWI offense; (2) whether the officer properly informed the defendant under the implied consent statute, *see* WIS. STAT. § 343.305(4); and (3) whether the defendant refused a chemical test. Sec. 343.305(9)(a)5.a.-c. We uphold a circuit court's findings of fact unless they are clearly erroneous. *See* WIS. STAT. § 805.17(2). The application of the implied consent statute to the findings of fact is a legal question that this court reviews de novo. *State v. Piddington*, 2001 WI 24, ¶13, 241 Wis. 2d 754, 623 N.W.2d 528.

¶10    "Probable cause to arrest is the sum of evidence within the arresting officer's knowledge at the time of the arrest which would lead a reasonable police officer to believe that the defendant probably committed or was committing a crime." *State v. Nieves*, 2007 WI App 189, ¶11, 304 Wis. 2d 182, 738 N.W.2d 125. "Probable cause to arrest does not require 'proof beyond a reasonable doubt or even that guilt is more likely than not.' It is sufficient that a reasonable officer would conclude, based upon the information in the officer's possession, that the 'defendant probably committed [the offense].'" *State v. Babbitt*, 188 Wis. 2d 349, 357, 525 N.W.2d 102 (Ct. App. 1994) (alteration in original; citations omitted). In determining whether probable cause exists, this court must look to "the totality of the circumstances." *See State v. Nordness*, 128 Wis. 2d 15, 35, 381 N.W.2d 300

(1986). "When a police officer is confronted with two reasonable competing inferences, one justifying arrest and the other not, the officer is entitled to rely on the reasonable inference justifying arrest." *State v. Kutz*, 2003 WI App 205, ¶12, 267 Wis. 2d 531, 671 N.W.2d 660.

## II. There Was Sufficient Probable Cause to Believe That Long Had Likely Committed an OWI Offense Under the Totality of the Circumstances.

¶11  On appeal, Long argues that he was unlawfully arrested for an OWI offense because Evers lacked probable cause to believe Long drove or operated a vehicle under the influence of an intoxicant. We reject Long's arguments.[2]

¶12  As at the refusal hearing, Long does not challenge on appeal that he refused to submit to a chemical test after Evers read him the Informing the Accused form. He also does not challenge that he was impaired when Evers made contact with him. Instead, he argues that Evers did not have probable cause because there was no proof that Long had been operating the motorcycle.

¶13  This court concludes that, under the totality of the circumstances, Evers had probable cause to believe that Long had operated a motor vehicle while impaired. The circuit court found sufficient facts on which Evers could rely to make this determination. When Evers decided to arrest Long for OWI, he was in possession of the following information: At approximately 3:00 a.m., Evers

---

[2] This court also concludes that the circuit court properly denied Long's motion contending that the court commissioner's determination that the State had failed to present sufficient evidence to establish probable cause in the OWI case precluded reconsideration of probable cause in the refusal proceeding. WISCONSIN STAT. § 970.04 makes clear that a dismissal at a preliminary hearing "does not have the same effect as an acquittal after a trial on the merits" because a complaint may be reissued if additional evidence exists. *See also* ***State v. Johnson***, 231 Wis. 2d 58, 64-65, 604 N.W.2d 902 (Ct. App. 1999). While Long's challenge does not involve a new complaint alleging OWI, in this separate refusal proceeding, Evers, the arresting officer, provided more detail supporting the arrest, including that the other officer observed that the scratches on Long's leg "looked like burn marks or road rash." Evers also provided more information showing the inconsistency of Long's accounts, and he provided information as to the time he found the motorcycle. By contrast, in the OWI case, the court commissioner specifically emphasized the absence of information about when Evers found the motorcycle because there had also been testimony as to when Long was last seen at a different location, which created uncertainty that undermined probable cause.

observed the motorcycle up on the curb, with its back tire in a rut and front tire spinning over the edge of the curb, and the handlebar was bent inwards, all indicating that the driver was not in control of the motorcycle and it had crashed up onto the curb and was stuck; the motorcycle was warm to the touch, indicating it had been ridden recently; no one else was in the area of the motorcycle; Long was found sleeping or unconscious about five hundred feet from the motorcycle; he had burn marks or road rash, both consistent with the nearby motorcycle incident; Long had the motorcycle keys on him; Long gave inconsistent accounts about his activities, one of which was that he was a passenger, although he refused to confirm this story by identifying the driver; and Long smelled strongly of alcohol and his speech was slurred. Long also refused to submit to the field sobriety tests. *See **Babbitt***, 188 Wis. 2d at 359-60 (stating that a refusal to submit to a field sobriety test may be used as evidence of probable cause to arrest because it shows consciousness of guilt).

¶14    That Long drove his motorcycle up onto the curb shortly prior to Evers's arrival was a reasonable conclusion based on the totality of the circumstances. The fact that Evers did not directly see Long driving the motorcycle does not undermine this conclusion. There is no requirement that direct, as opposed to circumstantial, evidence prove that Long drove the vehicle onto the curb shortly before Evers arrived. *See, e.g.*, ***Burg ex rel. Weichert v. Cincinnati Cas. Ins. Co.***, 2002 WI 76, ¶27 n.8, 254 Wis. 2d 36, 645 N.W.2d 880 ("'[O]peration' for purposes of the drunk driving laws can be proved circumstantially. A defendant found intoxicated behind the wheel of a parked car with its engine off but still warm might well be prosecuted on that circumstantial evidence of recent 'operation.'"); ***State v. Mertes***, 2008 WI App 179, ¶¶11-17, 315 Wis. 2d 756, 762 N.W.2d 813 (stating that the conclusion that a defendant under

the influence was "operating" a vehicle may rest solely on circumstantial evidence; thus, "[t]he issue is not whether Mertes was operating the vehicle at the moment the police approached him, but rather whether there was enough circumstantial evidence to prove that he drove the car ….").

¶15    Long also posits various explanations for the officer's observations of events.  For example, he contends that his inconsistent accounts could be attributed to the fact that he was intoxicated and had been in a deep sleep.  He posits that because the motorcycle was old, the handlebar could have been bent before that evening, and he suggests that he had the key on him simply because it was attached to his house key.  He suggests that the cut on his lip could have been a cold sore and the burn marks or road rash could have been caused when he fell walking.

¶16    Long's arguments fail.  Probable cause must be determined on the *totality* of the circumstances.  It "is a 'flexible, common-sense measure of the plausibility of particular conclusions about human behavior.'"  ***State v. Lange***, 2009 WI 49, ¶20, 317 Wis. 2d 383, 766 N.W.2d 551 (citation omitted).  Also, it does not require conclusive proof or even a preponderance of evidence.  ***Id.***, ¶38.  It deals with probabilities, not certainties, and it does not require an officer to rule out innocent explanations before making an arrest.  *See **Nieves***, 304 Wis. 2d 182, ¶14.  If guilt is more than a possibility, probable cause exists.  ***County of Dane v. Sharpee***, 154 Wis. 2d 515, 518, 453 N.W.2d 508 (Ct. App. 1990).

¶17    Long does not contest that he was impaired:  he smelled of alcohol, and his speech was slurred.  He had the keys and was found sleeping or unconscious by the roadside at 3:00 a.m., within a very short walking distance of the warm motorcycle that had been driven up onto the curb and appeared to be

stuck. Both he and the motorcycle showed signs of injury. He provided inconsistent and obviously false stories as to how he had not driven the motorcycle and refused to identify the friend he claimed drove the vehicle. No one else was in the area. Long refused to submit to field sobriety tests. This court agrees with the circuit court that the circumstances, viewed as a whole, support probable cause for Long's arrest.[3]

## CONCLUSION

¶18 Based on all of the circumstances, there was sufficient evidence for Evers to reasonably believe that Long had driven his motorcycle while under the influence of an intoxicant. He therefore had probable cause to arrest Long, and the circuit court properly denied Long's challenge to the refusal.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[3] Long argues on appeal that the officer seized his motorcycle without reasonable suspicion. This court declines to consider this argument because Long failed to raise it below. *See Shadley v. Lloyds of London*, 2009 WI App 165, ¶25, 322 Wis. 2d 189, 776 N.W.2d 838 ("It is well-established law in Wisconsin that those issues not presented to the [circuit] court will not be considered for the first time at the appellate level.").